STATE of Tennessee, Appellee,

v.

Henry L. KENNEDY, Appellant.

Court of Criminal Appeals of Tennessee,
at Jackson.

Dec. 30, 1982.

Permission to Appeal Denied by
Supreme Court March 14, 1983.

William M. Leech, Jr., Atty. Gen., Gordon W. Smith, Asst. Atty. Gen., Nashville, James G. Woodall and William L. Brooks, Asst. Dist. Attys. Gen., Jackson, for appellee.

Hughie Ragan, Jackson, Steve Beal, Lexington, for appellant.

## OPINION

CORNELIUS, Judge.

Henry L. Kennedy was charged in a four-count indictment with manufacturing marijuana, manufacturing or attempting to manufacture intoxicating liquor, unlawfully stocking intoxicating liquor for sale, and possessing various Schedule I, III, IV, and VI drugs with intent to sell. A jury trial resulted in verdicts upon the charges as follows:

| Count I | |
|---|---|
| manufacturing marijuana | not less than two (2) nor more than five (5) years in the State Penitentiary and a fine of $3,000.00. |
| Count II | |
| manufacturing or attempting to manufacture intoxicating liquor | dismissed. |
| Count III | |
| unlawfully stocking intoxicating liquor for sale | thirty (30) days in the county jail. |
| Count IV | |
| possession with intent to sell: | |
| A. LSD, a Schedule I drug | not less than ten (10) nor more than fifteen (15) years in the State Penitentiary and a fine of $18,000.00. |
| B. codeine, a Schedule III drug | dismissed. |
| C. Lorazepam, a Schedule IV drug | not less than two (2) nor more than seven (7) years in the State Penitentiary and a fine of $7,500.00. |
| D. Diethylpropion, a Schedule IV drug | not less than two (2) nor more than seven (7) years in the State Penitentiary and a fine of $7,000.00. |
| E. Marijuana, a Schedule VI drug | not less than two (2) nor more than five (5) years in the State Penitentiary and a fine of $3,000.00. |

At the formal sentencing hearing, the trial judge altered the verdict rendered in Count I of the indictment so as to order a prison term of not more nor less than five (5) years, in addition to the $3,000.00 fine. This action was improper. Applicability of T.C.A. § 52–1432(c)(1) and (2) was not established by the evidence nor covered by the jury instructions. The trial court also corrected two improper verdicts rendered by the jury in Counts III and IV. Furthermore, two additional verdicts in Count IV should have been corrected, appellant's conviction for possession of marijuana with intent to sell should have been dismissed, and the trial court should not have ordered that the sentence for possession of LSD for resale be served consecutively to the other sentences. The proper sentences should read:

| Count I | not less than two (2) nor more than five (5) years in the State Penitentiary and a fine of $3,000.00. |
|---|---|
| Count II | dismissed. |
| Count III | thirty (30) days in the county jail and a fine of $100.00. *See* T.C.A. § 39–2527 which requires a jail sentence *and* a fine. |
| Count IV | |
| A. | not less than ten (10) nor more than fifteen (15) years in the State Penitentiary and a fine of $18,000.00. |
| B. | dismissed. |
| C. | not less than two (2) nor more than *five (5)* years in the State Penitentiary and a fine of $7,000.00. *See* T.C.A. § 52–1432(a)(1)(D) which imposes a maximum period of incarceration of five (5) years rather than seven (7) years. |
| D. | not less than two (2) nor more than *five (5)* years in the State Penitentiary and a fine of $7,000.00. *See* T.C.A. § 52–1432(a)(1)(D). |
| E. | dismissed. *See* discussion of this action on page 280 of this opinion, infra. |

In ordering one of appellant's sentences to be served consecutively, the trial judge ordered:

The Defendant is hereby sentenced; the sentence imposed for possessing Lysergic Acid Diethylamide [LSD] (Schedule I) with Intent to Sell in the Fourth Count of

the indictment will run consecutively. All other sentences will run concurrently. The Court takes this action due to the age of the Defendant, (58), Henry Louis Kennedy.

This record contains no finding by the trial court that appellant is a member of one of the classes of offenders in *Gray v. State,* 538 S.W.2d 391, 393 (Tenn.1976), for which consecutive sentencing is reserved. Since such a finding would not be justified by the evidence presented in this case, the order of judgment must be modified so as to order all of appellant's sentences to be served concurrently. The judgment is further modified, as set out above, to reflect the applicable case law and proper statutory terms of punishment.

In Kennedy's first issue on appeal, he contends the trial court erred in denying his motion to suppress evidence obtained pursuant to a search warrant. He divides his presentation of this argument into numerous subissues.

■ In the first of these subissues, appellant alleges the General Sessions Judge who issued the search warrant failed to retain a copy of the document as required by Rule 41(c), Tenn.R.Crim.P. The magistrate testified, however, that he did have a copy of the warrant in his file and introduced that copy as an exhibit to his testimony. This subissue is meritless.

■ Next, appellant submits that the description in the search warrant of the place to be searched was not sufficiently particular to satisfy constitutional requirements. The warrant stated that the property in question was

> located in Henderson County, Tennessee, and in the city of Lexington and Leaving the North side of the Henderson County Courthouse go, West .1/10 mile to the intersection of highway # 22. Turn right onto highway # 22 and go North 5.6/10 miles to a mobile home on the left side of the highway, being white in color with green underpinning and additions on the front and rear, and known as the residence of Henry L. Kennedy. This

search warrant includes all vehicles and outbuilding on the said premises.

■ This Court has held that a description of the place to be searched is adequate if it points to a definitely ascertainable place so as to exclude all others, and enables the officer to locate the place to be searched with reasonable certainty without leaving it to his discretion. *State v. Cannon,* 634 S.W.2d 648, 650 (Tenn.Cr.App.1982); *State v. McColgan,* 631 S.W.2d 151, 154 (Tenn.Cr.App.1981). The warrant in this case adequately describes the premises of Henry L. Kennedy to the exclusion of all other property. This subissue is meritless.

■ The third subissue of the suppression question alleges that the search warrant was based upon unsworn testimony. Appellant relies upon the fact that Criminal Investigator Johnny Hayes, an unsworn affiant, appeared with Sheriff Jack Fowler before the issuing magistrate to request the warrant.

Rule 41(c), Tenn.R.Crim.P., provides that a "warrant shall issue only on an affidavit sworn to before the magistrate and establishing the grounds of issuing the warrant." Although Hayes was not sworn before the General Sessions Judge, Sheriff Fowler offered a sworn statement that he (Fowler) personally observed marijuana growing on the property of appellant. The magistrate relied upon Fowler's affidavit in issuing the warrant. Since the evidence is clear that the magistrate complied with the mandates of Rule 41(c), Tenn.R.Crim.P., this subissue is also meritless.

■ Appellant also argues that the magistrate should have stricken irrelevant drugs from the list of items to be seized printed on the search warrant. Failure to do so, claims Kennedy, amounted to ratification of a general warrant. An identical argument was made to this Court in *State v. Jack B. Smithson and Kerry Michael Newman,* Tenn.Crim.App., opinion filed at Nashville, April 8, 1981. In that case, Judge O'Brien, writing for the Court, held:

> There is no doubt it would have been clearer and more pertinent to limit the

inventory of the items to be seized to those which the officers had been specifically informed were in the possession of the defendants. However, the addition of the other narcotics, materials and devices in the descriptive portion of the warrant did not affect its validity.

This subissue is meritless.

In his final subissue challenging the legality of the search warrant, appellant contends the affidavit upon which the warrant was based failed to establish probable cause for the search. More specifically, he maintains there is no evidence in the affidavit that there is a continuing unlawful activity in which appellant is involved. Kennedy also submits that the affidavit fails to indicate where Sheriff Fowler was when he observed the marijuana plants on appellant's property and fails to demonstrate how Fowler knew the plants were contraband.

█ In the affidavit, Sheriff Fowler swore, "On the date of September 22, 1981, your affiant observed several plants of marijuana growing at the home of Henry L. Kennedy being on Mr. Kennedy [sic] property." The illegal activity of manufacturing marijuana was thus occurring on the same day the warrant was issued and served. The temporal proximity of the observation of the plants and the execution of the warrant insured that the warrant would not be defective because of staleness.

█ Furthermore, there is no requirement that the affidavit in support of the warrant detail the location of the affiant when observing criminal activity. Nor is it necessary that the affidavit indicate how the affiant knew the plant material he observed was marijuana. To require that the affiant be absolutely certain that the substance was marijuana could require laboratory testing. This is not necessary to establish probable cause. *Post v. State,* 580 S.W.2d 801, 807 (Tenn.Cr.App.1979); *Dishman v. State,* 3 Tenn.Cr.App. 725, 460 S.W.2d 855, 858 (1970). This subissue and appellant's first issue on appeal are without merit.

█ In his second issue, appellant challenges the legal sufficiency of the evidence. No argument is presented on the issue in his brief, however. This issue is, therefore, waived. Rule 27(a)(7), T.R.A.P. Even had the issue not been waived, it would have been found to be without merit.

Trial testimony included evidence presented by only three witnesses. Two of the witnesses testified they entered appellant's property pursuant to a valid search warrant and confiscated 1582 pills, 178 marijuana plants, 3 cases of beer, and 25 bottles of liquor. The third witness, a forensic chemist at the Tennessee Crime Laboratory, testified that he performed various tests on the substances seized from appellant's property. The test results indicated that the plant material was marijuana and that the pills contained Lorazepam, a Schedule IV drug, Diethylpropion, a Schedule IV drug, and LSD, a Schedule I drug.

Ample evidence was presented at trial to justify a rational trier of fact in finding appellant guilty beyond a reasonable doubt of the offenses for which he was properly convicted. Rule 13(e), T.R.A.P.; *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 2786–2792, 61 L.Ed.2d 560 (1979).

In his third issue, appellant argues that the fourth count of the indictment improperly alleged five separate offenses. Kennedy insists the State should not have been allowed to join the offenses in a single count.

█ All defenses and objections based on defects in the indictment *must* be raised prior to trial. Rule 12(b)(2), Tenn.R. Crim.P. Since appellant did not comply with the rule's requirements, the issue is considered to have been waived. Rule 12(f), Tenn.R.Crim.P.

█ Appellant next maintains he may not properly be convicted of both manufacturing marijuana and possession of marijuana with intent to sell. We agree. In *State v. Layne,* 623 S.W.2d 629, 638 (Tenn. Cr.App.1981), this Court held:

"The crime of manufacturing marijuana necessarily involves the possession of the

substance being manufactured. It is hardly possible for one to be charged with 'manufacturing' without having the marijuana in possession.

The possession with the intent to sell count was necessarily included in the manufacturing count. Therefore, dual convictions were improper."

Appellant's conviction for possession of marijuana with intent to sell is reversed and dismissed. The conviction for manufacturing marijuana is affirmed.

■ Appellant's fifth issue alleges the trial court erred in hearing additional proof on the motion to suppress on the morning of trial. An evidentiary hearing on appellant's suppression motion was first conducted on October 23, 1981. At the conclusion of that hearing, the trial judge stated that he would take the motion under advisement. On February 22, 1982, the day of trial, testimony of the magistrate who issued the contested search warrant was heard prior to the swearing of the jury which decided this case. Appellant has shown no prejudice from this action. Rule 36(b), T.R.A.P. Furthermore, the decision to allow the State to reopen its case is within the discretion of the trial judge. *Clariday v. State,* 552 S.W.2d 759, 770 (Tenn.Cr.App.1976). Since the trial judge did not abuse that discretion, this issue is meritless.

■ Appellant's sixth issue alleges that the trial court erroneously allowed photographs taken at the scene with Kennedy's camera to be admitted into evidence. Kennedy has failed to demonstrate how this action, which was not proven at trial, prejudiced him. The judgment will not be set aside on this ground, therefore. Rule 36(b), T.R.A.P. This issue has no merit.

■ Appellant next argues he was improperly convicted for two offenses of possessing drugs listed in the same schedule of the Drug Control Act. In *State v. Collier,* 567 S.W.2d 165, 166 (Tenn.1978), however, the Tennessee Supreme Court held that possession with intent to sell of two or more controlled substances classified within the same schedule of the act constitutes separate and distinct offenses. Appellant was thus properly convicted of both possession of Lorazepam with intent to sell and possession of Diethylpropion with intent to sell. This issue is meritless.

■ In his eighth issue, appellant objects to the following jury instruction given by the trial judge:

There is an inference that whiskey or illegal drugs found on a person's premises or his home belongs to the man of the house; however, this is a rebuttable inference that may be explained by the facts and circumstances of the case.

The law in Tennessee is well established that one having possession of the premises where contraband is found is presumed to be in possession of that contraband. *Armstrong v. State,* 548 S.W.2d 334, 336 (Tenn. Cr.App.1976) cert. denied 1977; *Anderson v. State,* 512 S.W.2d 665 (Tenn.Cr.App.1974) cert. denied 1974.

■ Kennedy insists, nevertheless, that the instruction is sex discriminatory and, therefore, improper. Appellant has failed to prove that he was prejudiced, however, by the instruction that the jury may infer that "the man of the house" is in possession of the illegal substances. No evidence was adduced at trial that anyone other than appellant owned or resided at the trailer where the alcohol and drugs were found. This issue has no merit. Rule 36(b), T.R. A.P.

■ Appellant next maintains the trial judge erred in failing to state on the record his findings of fact at the suppression hearing. Rule 12(e), Tenn.R.Crim.P., states clearly, "Where factual issues are involved in determining a motion, the court shall state its essential findings on the record."

The failure of the trial judge to do so was error. The motion to suppress was properly denied, however, for the reasons discussed in the determination of Kennedy's first issue on appeal. This error did not affect the judgment or result in prejudice to the judicial process. Rule 36(b), T.R.A.P.

In his tenth issue, appellant claims he was deprived of a fair trial when individuals employed by the Sheriff's Department were chosen as jury officers. This issue has been waived by appellant's failure to cite legal authority for his position. Rule 27(a)(7), T.R.A.P.; *Rockett v. State,* 475 S.W.2d 561, 563 (Tenn.Cr.App.1971). In any event, Kennedy has failed to demonstrate prejudice from any alleged error. This issue has no merit.

Finally, appellant complains that the State was allowed to cross-examine him at the suppression hearing about his ownership of the contraband. He asserts that if he admitted ownership in order to establish his standing to contest the search, that admission could be used against him at trial.

This issue has also been waived by failure to support the argument with citation to legal authority. Rule 27(a)(7), T.R. A.P.; *Rockett v. State,* supra. Even had the issue not been waived, however, it would have been meritless. Testimony elicited at a suppression hearing on the issue of standing is inadmissible at trial on the issue of guilt unless the defendant makes no objection. *State v. David J. Triantas,* Tenn. Crim.App., opinion filed at Knoxville, August 31, 1981, citing *Brown v. United States,* 411 U.S. 223, 93 S.Ct. 1565, 36 L.Ed.2d 208 (1973); *Simmons v. United States,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).

Appellant's conviction for possession of marijuana with intent to sell is reversed and dismissed. Appellant's remaining convictions are affirmed, as modified. The trial court's order of consecutive sentencing is reversed and all sentences imposed upon Kennedy at this trial are ordered to run concurrently.

O'BRIEN and DAUGHTREY, JJ., concur.