**STATE of Tennessee, Appellee,**

v.

**Donald D. HENRY, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

June 22, 1984.

Petition to Rehear July 25, 1984.

Permission to Appeal Denied by Supreme Court Oct. 29, 1984.

Charles R. Ray, Nashville, for appellant.

William M. Leech, Jr., Atty. Gen., Jerry L. Smith, Asst. Atty. Gen., Thomas H. Shriver, Dist. Atty. Gen., Mac Reed, Asst. Dist. Atty. Gen., Nashville, for appellee.

## OPINION

DUNCAN, Judge.

The defendant, Donald D. Henry, pled guilty to possession of marihuana with intent to sell same. He was sentenced to the workhouse for two (2) years and granted probation. Pursuant to T.R.A.P. 3(b) and Tenn.R.Crim.P. 37(b)(2)(i), he has appealed the trial court's judgment overruling his motion to quash the search warrant in this case. After considering the record, we conclude that the trial court's ruling was correct.

The defendant's first issue is that the search conducted under the search warrant should be found to be an illegal search because a copy of the search warrant, required by Tenn.R.Crim.P. 41(c) to be kept by the issuing magistrate, was not produced at the hearing.

Tenn.R.Crim.P. 41(c) provides in pertinent part:

> The magistrate shall prepare an original and two exact copies of the search warrant, one of which shall be kept by him

as a part of his official records, and one of which shall be left with the person or persons on whom the search warrant is served. The magistrate shall endorse upon the search warrant the hour, date, and name of the officer to whom the warrant was delivered for execution; and the exact copy of the search warrant and the endorsement thereon shall be admissible evidence. Failure of the magistrate to make said original and two copies of the search warrant or failure to endorse thereon the date and time of issuance and the name of the officer to whom issued, or the failure of the serving officer where possible to leave a copy with the person or persons on whom the search warrant is being served, shall make any search conducted under said search warrant an illegal search and any seizure thereunder an illegal seizure.

From the evidence developed at the hearing, the trial court found that at the time the search warrant was issued, "three copies were made but subsequent to that time the magistrate's copy" had been "misplaced." The trial court concluded that "an otherwise lawfully valid search warrant should not be deemed fatal because of a lost or misplaced copy of that search warrant." The trial court pointed out that the defendant made no allegations that he had been prejudiced by the misplacement of the magistrate's copy, and that the "original and defendant's copy" were identical, and that "no allegations have been made concerning deletions or additions."

The record fully supports the trial court's findings and conclusions on this point, and we agree with the trial court that the missing copy of the search warrant should not operate to invalidate the search.

We find no Tennessee case that has dealt with the precise question presented in this appeal. The cases of State v. Kennedy, 649 S.W.2d 275 (Tenn.Cr.App.1982) and State v. Harris, No. 82–183–III (Tenn.Cr. App.—opinion filed June 20, 1983, at Nashville), cited by the defendant, are inapplicable to the present case.

In Kennedy, supra, the Court did not address the issue of whether failure of the magistrate to keep a copy of the warrant issued under Rule 41(c) would invalidate the search, because in that case it turned out the magistrate had in fact retained such a copy and introduced it as an exhibit to his testimony.

In Harris, supra, the issuing magistrate failed to note the time of the issuance of the warrant on two (2) of the three (3) copies, and our Court (with one judge dissenting) held that the express language of Rule 41(c) required that the search be invalidated. Of course, Rule 41(c) expressly invalidates a search where the magistrate fails to note the time of issuance of a search warrant.

■ Further, while Rule 41(c) also expressly makes a search illegal where the magistrate fails to make the required three (3) copies, the Rule has no internal exclusionary clause requiring the search to be invalidated where the magistrate fails to maintain his retained copy in his possession throughout the case.

The record reflects that all of the requirements of Rule 41(c) concerning the issuance of the search warrant were complied with by the magistrate. Only sometime later did the magistrate's copy become lost. The defendant does not argue that any changes or deletions were made in the other two (2) copies, or that there was any misconduct on the part of anyone incident to the loss of the magistrate's copy. Likewise, the record discloses no such improprieties. Under these circumstances it would take a strained construction of Rule 41(c) to hold that the missing copy should operate to invalidate the search.

■ In our opinion, under the circumstances present in this case, and particularly where a defendant fails to show that any prejudice resulted to him by reason of the missing copy of the search warrant, a search should not be found to be illegal. As previously indicated, the defendant here was not prejudiced in any manner by reason of the lost copy of the search warrant.

See United States v. Brown, 584 F.2d 252, 258 (8th Cir.1978); quoting United States v. Burke, 517 F.2d 377, 386–87 (2d Cir. 1975); holding violation of Fed.R.Crim.P. 41(c), federal counterpart to Tenn.R. Crim.P. 41(c), does not warrant suppression of evidence unless prejudice is shown or intentional and deliberate disregard of the rule is demonstrated.

We find no merit to the foregoing issue.

■ In his second issue, the defendant argues that the reliability of the affiant's informant is not sufficiently established in the affidavit to the search warrant. The affiant, Officer Greg Frye, recited in his affidavit that his informant was a "reliable adult citizen," who had provided "drug related information in the past which resulted in a felony warrant and arrest for possession of controlled substances for resale ..., and that the informant had related to him that in the 'past 72 hours' she was 'at the above described location and did see Donald D. Henry, Jr. ... in possession of marihuana being offered for sale.' "

We find that the affidavit sufficiently shows the reliability of the informant. It shows on its face that the informant's information came from her personal observation of the offense, and that the informant had supplied correct information in the past. The affidavit was sufficient for an independent determination, by a neutral officer, that probable cause existed. See Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). See also Woods v. State, 552 S.W.2d 782 (Tenn.Cr.App.1977).

■ In his final issue, the defendant argues that the affiant "recklessly omitted" material facts from the affidavit.

At the hearing, the affiant, Officer Greg Frye, testified that his informant had previously given him information that she had seen one Rick Dugger in possession of a quantity of Quaaludes. A search warrant was issued but no Quaaludes were found in the search; however, marihuana was found. Dugger was arrested which resulted in a misdemeanor conviction (after the instant search warrant was issued). Officer Frye testified that at the time of the Dugger search, he found a notepad which indicated Dugger was dealing in Quaaludes.

The defendant argues that since the officer found no Quaaludes in the Dugger search, then this indicated that Officer Frye's informant had previously furnished him with inaccurate information and that Officer Frye "recklessly omitted" to reveal this inaccuracy to the magistrate who issued the instant search warrant. We disagree.

Officer Frye's informant had merely told him that she had seen Quaaludes in Dugger's possession; not that the police would find Quaaludes during the search. The fact that Dugger may have moved or secreted the Quaaludes before the search does not serve to show any inaccuracy in the informant's statement that she had previously seen them in Dugger's possession.

We find that Officer Frye did not withhold any material facts, recklessly or otherwise, from the magistrate. The issue is not meritorious.

The trial court properly overruled the defendant's motion to quash the search warrant. The judgment is affirmed.

ROBERT L. JONES, Special Judge, concurs.

CORNELIUS, J., concurs in result.

CORNELIUS, Judge, concurring in results.

I concur in the results reached by Judge Duncan in his lead opinion. My concurrence herein is based upon the conclusion of law I reached in State v. Wayne Davidson, unpublished, filed at Knoxville, October 29, 1981. I here take notice, also, of Judge Daughtrey's dissent in State v. Novice Dan Harris, unpublished, filed at Nashville, June 29, 1983.

In the present case we are essentially upholding a search warrant based upon a substantial compliance analysis of the facts relative to the mandate of Rule 41(c), Tenn. R.Crim.P.

## OPINION ON PETITION TO REHEAR

DUNCAN, Judge.

On June 22, 1984, an opinion was filed in this case where we held in the lead opinion that the fact that the magistrate's copy of the search warrant had become lost or misplaced did not operate to invalidate the search involved in this case. In that opinion, we specifically pointed out, among other things, that while Tenn.R.Crim.P. 41(c)

expressly makes a search illegal where the magistrate fails to make the required three (3) copies, the Rule has no internal exclusionary clause requiring the search to be invalidated where the magistrate fails to maintain his retained copy in his possession throughout the case.

Judge Cornelius filed a concurring opinion, concurring in the results, stating his view that the facts showed a "substantial compliance" with the mandates of Rule 41(c).

The appellant has now filed a petition to rehear, arguing that our decision was based on a finding that there was a "substantial compliance" with the requirements of Rule 41(c). The appellant calls to our attention our Supreme Court's recent unpublished Per Curiam opinion in *State v. Novice Dan Harris*, No. 82–183–III (Tenn. —opinion filed June 25, 1984, at Nashville), which opinion he interprets to hold that "substantial compliance" with the procedures required by Rule 41(c) for the issuance of a search warrant cannot serve to validate a search made pursuant to such warrant.

We find no merit to the appellant's argument for several reasons.

First, as shown by our lead opinion, signed by two of the panel judges, we did not base our ruling on a finding of "substantial compliance" with the provisions of Rule 41(c). We pointed out in that opinion that the search warrant was issued in compliance with all of the requirements of Rule 41(c).

Further, as indicated in our lead opinion, the *Harris* case dealt with the issue of the failure of the magistrate to list the time of issuance of the warrant on two (2) of the

three (3) copies. When that case was before our Court, we (with one judge dissenting) held that Rule 41(c) expressly invalidated a search where the magistrate fails to note the time of issuance of a search warrant. *State v. Harris*, No. 82–183–III (Tenn.Cr.App.—opinion filed June 20, 1983, at Nashville).

Thus, the issue in the Harris case and the present case are different, and as indicated above, Rule 41(c) expressly invalidates a search where the time of issuance of the search warrant is omitted, but the Rule has no such invalidating clause because of a misplaced or lost copy of the search warrant.

Additionally, we point out that in its Per Curiam opinion on *Harris*, the Supreme Court merely affirmed our Court, "concurring in results only," and contrary to the appellant's interpretation, the Supreme Court made no holding or comment on the "substantial compliance" theory regarding Rule 41(c).

In summary, we find nothing in the Supreme Court's opinion in the *Harris* case that would cause us to change the ruling we made in our original opinion. Accordingly, the appellant's petition to rehear is denied.

ROBERT L. JONES, Special Judge, concurs.

CORNELIUS, J., dissents.

CORNELIUS, Judge, dissenting.

"The magistrate *shall prepare* an original and two *exact copies* of the search warrant, one of which *shall be kept by him as a part of his official records,* ..." Rule 41(c), Tenn.R.Crim.P.

*"Failure of the magistrate to make said original and two copies* or failure to endorse thereon the date and time of issuance and the name of the officer to whom issued, ... *shall make any search conducted under said warrant an illegal search* and any seizure thereunder an illegal seizure."

Our Supreme Court's per curiam opinion in *State v. Novice Dan Harris* indicates, to me, a reaffirmation of the holding in *Talley v. State*, 345 S.W.2d 867, 869 (Tenn.1961); that *strict compliance is required* inorder to secure the citizen against carelessness and abuse in the issuance and execution of search warrants.

In the present case, from the evidence developed at the hearing on the motion to quash the search warrant, the trial court found that at the time the search warrant was issued, "three copies were made but subsequent to that time the magistrate's copy had been 'misplaced'." The trial court concluded that an otherwise lawfully valid search should not be deemed fatal because of a lost or misplaced copy of that search warrant. Herein the trial court, and the majority of this court, placed unwarranted accent upon the absence of allegations of prejudice or of "deletions or additions." I did not consider this a proper demand upon a citizen but, otherwise, I concurred in the results on the theory of substantial compliance with Rule 41(c), Tenn.R.Crim.P. and the rationale of Judge Daughtrey's dissent in *State v. Harris*, supra, which was apparently rejected by the per curiam opinion.

Now bowing to the rule that "strict compliance" is required to secure the citizen against carelessness and abuse in the issuance and execution of a search warrant, I am unable to agree with the majority in rejecting the motion to rehear. Strict compliance requires that a magistrate zealously preserve his copy not only as a part of his official records, but as proof of the integrity of the justice system. Far greater abuse will flow from permissive indifference towards the preservation of the "neutral" magistrate's copy of the search warrant than in those cases where the omission of time is apparent on the face of two of the copies, as was the case in *State v. Harris*, supra.

I would grant the motion to rehear, reverse the trial court's action on the motion to quash and remand.