IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

AUGUST 1996 SESSION



**FILED**

**October 3, 1996**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| APPELLEE, | ) | |
| | ) | No. 03-C-01-9510-CC-00310 |
| | ) | |
| | ) | Greene County |
| v. | ) | |
| | ) | James E. Beckner, Judge |
| | ) | |
| | ) | (Theft) |
| ALLEN RAY RICKER, | ) | |
| | ) | |
| APPELLANT. | ) | |

FOR THE APPELLANT:

T. Wood Smith
Attorney at Law
128 South Main Street, Suite 101
Greeneville, TN 37743

FOR THE APPELLEE:

Charles W. Burson
Attorney General & Reporter
500 Charlotte Avenue
Nashville, TN 37243-0497

Darian B. Taylor
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

C. Berkley Bell
District Attorney General
113 West Church St., Suite 401
Greeneville, TN 37745

Michelle Green
Asst. District Attorney General
113 West Church St., Suite 401
Greeneville, TN 37745

OPINION FILED:_____

AFFIRMED

Joe B. Jones, Presiding Judge

**O P I N I O N**

The appellant, Allen Ray Ricker, was convicted of theft under $10,000, a Class D felony, by a jury of his peers. The trial court found that the appellant was a standard offender and imposed a Range I sentence of confinement for three (3) years in the Department of Correction. The appellant contends that the trial court committed error of prejudicial dimensions by: (a) denying his motion for a judgment of acquittal at the conclusion of the state's case in chief because the state failed to prove the venue of the offense and failed to prove that the person named in the indictment was the owner of the wrecker in question, and (b) permitting the state to reopen its case in chief to prove the venue of the offense. After a thorough review of the record, the briefs submitted by the parties, and the law that governs the issues presented for review, it is the opinion of this Court that the judgment of the trial court should be affirmed.

Contrary to the appellant's contention, the State of Tennessee established beyond a reasonable doubt that the victim was the owner of the wrecker. The victim testified that the name on the title was that of his former business, but that he owned the wrecker.

The trial court permitted the State of Tennessee to reopen its case in chief after defense counsel had made a motion for judgment of acquittal. The state established that the offense occurred in Greene County.

Whether the State of Tennessee should have been permitted to reopen its case in chief for the purpose of introducing new evidence rested within the sound discretion of the trial court. See State v. Harrington, 627 S.W.2d 345, 348 (Tenn. 1981); State v. Kennedy, 649 S.W.2d 275, 280 (Tenn. Crim. App. 1982); Clariday v. State, 552 S.W.2d 759, 770-71 (Tenn. Crim. App. 1976). This Court has previously held that the trial court did not abuse its discretion by permitting the State of Tennessee to reopen its case and prove additional facts after defense counsel had made a motion for judgment of acquittal. State v. Richard Goltrie, Bradley County No. 03-C-01-9203-CR-00095, slip op. at 7-8 (Tenn. Crim. App., Knoxville, March 29, 1993), per. app. denied (Tenn. 1993). In this case, the trial court did not abuse its discretion in granting the State of Tennessee's motion to reopen its case in chief.

                               _____

                                  JOE B. JONES, PRESIDING JUDGE

CONCUR:


_____
           PAUL G. SUMMERS, JUDGE


_____
           DAVID G. HAYES, JUDGE