IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 2, 2018

## STATE OF TENNESSEE v. JASPER VICK

**Appeal from the Criminal Court for Shelby County**
**No. 02-09113**        **Chris Craft, Judge**

_____

### No. W2017-02164-CCA-R3-CD

_____

The defendant, Jasper Vick, appeals from the Shelby County Criminal Court's denial of his Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence. The defendant contends his sentences are illegal because the court clerk failed to sign his original and superseding indictments. Discerning no error, we affirm the judgment of the trial court.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which ALAN E. GLENN and TIMOTHY L. EASTER, JJ., joined.

Jasper Vick, Clifton, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Karen Cook, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS

For crimes committed on February 14, 2001, against his fourteen-year-old victim, the defendant was indicted for three counts of aggravated kidnapping and one count of sexual battery. A superseding indictment issued charging one count of especially aggravated kidnapping, two counts of aggravated kidnapping, and one count of sexual battery, and a jury convicted the defendant of the same.[1] The trial court merged the defendant's two aggravated kidnapping convictions into his especially aggravated kidnapping conviction and sentenced the defendant to an effective forty years in

_____

[1]The defendant's original indictment was dismissed by the State after trial.

confinement. Specifically, the trial court imposed thirty-six years for the especially aggravated kidnapping conviction and four years for the sexual battery conviction. In doing so, the trial court found the defendant to be a Range II, multiple offender based, in part, on a 1973 conviction in South Carolina for the offense of assault and battery of a high and aggravated nature. *State v. Jasper L. Vick*, No. W2005-00467-CCA-R3-CD, 2006 WL 722173, at *8-11 (Tenn. Crim. App. Mar. 22, 2006). The defendant subsequently appealed his convictions and sentencing.

On direct appeal, this Court affirmed the defendant's convictions, but remanded for resentencing "for the trial court to determine whether the specific elements of the defendant's South Carolina conviction would have constituted a Class C felony in Tennessee under the state of the law as it existed at the time of the offense." *State v. Vick*, 242 S.W.3d 792, 794 (Tenn. Crim. App. 2007) (citing *Vick*, 2006 WL 722173, at *11). Upon remand, the trial court found the defendant's South Carolina conviction constituted at least a Class C felony, and again sentenced the defendant as a Range II offender. *Id.* at 795. The defendant appealed, and this Court ultimately instructed the trial court to sentence the defendant as a Range I offender, resulting in an effective sentence of twenty-six years.[2] The petitioner sought post-conviction relief, but failed both directly and on appeal. *See Jasper Lee Vick v. State*, No. W2012-01477-CCA-R3-PC, 2013 WL 2446280 (Tenn. Crim. App. June 4, 2013).

On August 15, 2017, the defendant filed a *pro se* motion to correct an illegal sentence pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure. In the motion, the defendant alleged the court clerk failed to sign his indictments, thus rendering his sentences for the convicted offenses illegal. The trial court summarily dismissed the motion finding the defendant failed to state a colorable claim, and this appeal followed.

## ANALYSIS

On appeal, the defendant claims the trial court erred in denying his Rule 36.1 motion to correct an illegal sentence. The defendant argues his sentences are illegal because his indictments were not signed by the court clerk. The State contends the defendant has not demonstrated a colorable claim for Rule 36.1 relief as he has failed to allege fatal errors in sentencing. Upon our review, we agree with the State.

---

[2]In reaching its decision, this Court determined that "since the State was unable to show the specific elements of the conviction offense [of assault and battery of a high and aggravated nature], it remains unknown whether the facts to which the defendant pled guilty would constitute a crime in Tennessee." *Vick*, 242 S.W.3d at 796.

Whether a motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law calling for de novo review. *State v. Wooden*, 478 S.W.3d 585, 589 (Tenn. 2015). Rule 36.1 provides that the defendant "may seek to correct an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered." Tenn. R. Crim. P. 36.1(a). A sentence is illegal if it is "not authorized by the applicable statutes or . . . directly contravenes an applicable statute." *Id.* If the motion states a colorable claim, the trial court shall appoint counsel if the defendant is indigent and not already represented by counsel and hold a hearing on the motion, unless the parties waive the hearing. Tenn. R. Crim. P. 36.1(b). A "'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.3d at 593.

"[F]ew sentencing errors render [a sentence] illegal." *Id.* at 595. Rather, sentencing errors may be clerical, appealable, or fatal, and only fatal errors render a sentence illegal. *Id.* Clerical errors "'arise simply from a clerical mistake in filling out the uniform judgment document' and may be corrected at any time under Tennessee Rule of Criminal Procedure 36." *Id.* at 595 (quoting *Cantrell v. Easterling*, 346 S.W.3d 445, 449 (Tenn. 2011)). Appealable errors are "'those errors for which the Sentencing Act specifically provides a right of direct appeal'" and are generally attacks on the methodology used by the trial court when imposing a sentence. *Id.* Fatal errors are those errors "so profound as to render the sentence illegal and void" and include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offense." *Id.* (citing *Davis v. State*, 313 S.W.3d 751, 759 (Tenn. 2010)).

Here, the defendant alleges his sentences are illegal because his indictments were not signed by the court clerk as required by Article VI, section 12 of the Tennessee Constitution.[3] However, a Rule 36.1 motion is not the appropriate forum for the defendant's present claims as we have previously held that challenges to defects in the form of the indictment must be raised prior to trial in order to avoid waiver of the same. *State v. Nixon*, 977 S.W.2d 119, 121 (Tenn. Crim. App. 1997) (citing Tenn. R. Crim. P. 12(f); *State v. Kennedy*, 649 S.W.2d 275, 279 (Tenn. Crim. App. 1982)). The defendant's indictments issued on September 20, 2001 and December 10, 2002, and judgments were entered against him on January 31, 2008. The time in which the

---

[3]Article VI, section 12 provides: "All writs and other process shall run in the name of the State of Tennessee and bear test and be signed by the respective clerks. Indictments shall conclude, 'against the peace and dignity of the State.'" Tenn. Const. art. VI, § 12.

defendant had to challenge the alleged missing signature of the court clerk on his indictment has long expired. *Id.* The defendant is not entitled to relief.

Additionally, the defendant's claim fails in the context of Rule 36.1 as his argument does not raise a fatal issue in sentencing. The record indicates the defendant twice appealed his sentences to this Court, after which the trial court properly sentenced him as a Range I offender to an effective sentence of twenty-six-years for his convictions. Relying on our above analysis, the defendant has failed to show how his sentences are illegal, and his present claim is inappropriate for Rule 36.1 relief as it relates to an alleged error in his indictments, rather than the legality of his sentences. The defendant is not entitled to relief.

## CONCLUSION

Based on the foregoing, we affirm the judgment of the trial court.

_____
J. ROSS DYER, JUDGE