FILED

09/19/2024

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs at Jackson September 4, 2024

## STATE OF TENNESSEE v. JIMMY SMITH

**Appeal from the Criminal Court for Davidson County**
**No. 87-F-1868          Angelita Blackshear Dalton, Judge**

——————————————————

**No. M2024-00340-CCA-R3-CD**

——————————————————

Jimmy Smith, Defendant, appeals the summary dismissal of his motion to correct an illegal sentence filed pursuant to Tennessee Rule of Criminal Procedure 36.1. Because Defendant failed to state a colorable claim, we affirm the judgment of the trial court pursuant to Rule 20 of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which J. ROSS DYER and KYLE A. HIXSON, JJ., joined.

Jimmy Smith, Tiptonville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; and Katherine Orr, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORADUM OPINION

Defendant was convicted of aggravated kidnapping, three counts of aggravated rape, and robbery. *State v. Smith*, No. 99-177-III, 1989 WL 51613, at *1 (Tenn. Crim. App. May 19, 1989), *perm. app. denied* (Tenn. Aug. 14, 1989). He was sentenced to an effective sentence of 115 years. *Id.* at *2. The convictions and sentences were affirmed on direct appeal.

Defendant sought habeas corpus relief. He alleged that the district attorney neglected to sign each page of the indictment, rendering the indictment "void." *Smith v. Steward*, No. W2012-00708-CCA-R3-HC, 2012 WL 4120478, at*1 (Tenn. Crim. App. Sept. 19, 2012), *perm. app. denied* (Tenn. Feb. 12, 2013). The trial court dismissed the

petition, and this Court affirmed, holding that the signature of the district attorney must appear on "*some part of the bill*." *Id.* at \*3 (emphasis in original).

Defendant sought habeas corpus relief a second time, again arguing that his convictions were void because the district attorney only signed Count 5 of the multi-count indictment and that his conviction in Count 2 was void because the judgment failed to state he was found guilty by a jury. *Smith v. Parris*, No. W2017-00918-CCA-R3-HC, 2017 WL 5952934, at \*1 (Tenn. Crim. App. Nov. 30, 2017), *perm. app. denied* (Tenn. Mar. 15, 2018). The habeas corpus court summarily dismissed the petition, and this Court affirmed. *Id.*

Defendant next filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, in which he argued that the trial court lacked jurisdiction because the indictments did not contain the district attorney's signature and that his convictions constituted double jeopardy. The trial court summarily dismissed the motion finding that Defendant failed to state with particularity the factual allegations to constitute a colorable claim, and that his sentences were legal. Defendant filed a timely notice of appeal.

*Analysis*

On appeal, Defendant argues that the trial court erred by summarily dismissing the motion because he stated a colorable claim. Specifically, Defendant points to his argument that the district attorney did not sign the indictments, thereby divesting the trial court of jurisdiction to hear his case. The State disagrees, arguing that the trial court properly dismissed the motion for failure to state a claim.

Rule 36.1 provides the defendant and the State an avenue to "seek to correct an illegal sentence," defined as a sentence "that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1; *see also State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015) (holding that "the definition of 'illegal sentence' in Rule 36.1 is coextensive with, and not broader than, the definition of the term in the habeas corpus context"). To avoid summary denial of an illegal sentence claim brought under Rule 36.1, a defendant must "state with particularity the factual allegations," *Wooden*, 478 S.W.3d at 594, establishing "a colorable claim that the unexpired sentence is illegal." Tenn. R. Crim. P. 36.1(b). "[F]or purposes of Rule 36.1 . . . 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.3d at 593. The determination whether a Rule 36.1 "motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law, to which de novo review applies." *Id.* at 589 (citing *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007)).

Even taking Defendant's allegations as true, a Rule 36.1 motion is not the appropriate avenue for Defendant's claims. Challenges to defects in the form of the indictment must be raised prior to trial in order to avoid waiver of the same. *State v. Nixon*, 977 S.W.2d 119, 121 (Tenn. Crim. App. 1997) (citing Tenn. R. Crim. P. 12(f); *State v. Kennedy*, 649 S.W.2d 275, 279 (Tenn. Crim. App. 1982)); *see also State v. Vick*, No. W2017-02164-CCA-R3-CD, 2018 WL 2406011, at *2 (Tenn. Crim. App. May 25, 2018), *perm. app. denied* (Tenn. Sept. 18, 2018). The trial court did not err in summarily dismissing the petition.

*Conclusion*

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, the judgment of the trial court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE