# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE

## STATE OF TENNESSEE. v. WARREN TYRONE FOWLER

**An Appeal from the Circuit Court for Jefferson County**
**No. 6047     Rex Henry Ogle, Judge**

---

**No. E1997-00037-SC-R11-CD - Decided June 20, 2000**

---

## FOR PUBLICATION

This is an appeal from the Circuit Court for Jefferson County which convicted the defendant of felony vandalism, two counts of aggravated assault, and felony evading arrest. The defendant appealed and argued that the trial court erred in failing to instruct the jury on facilitation of a felony as a lesser-included offense of criminal responsibility. The Court of Criminal Appeals held that because a defendant is criminally responsible for any offenses committed by codefendants in the pursuance of a criminal offense or as a natural and probable consequence thereof, facilitation is not a lesser-included offense as a matter of law. We hold that facilitation of a felony is a lesser-included offense but that an instruction was not warranted under the facts of this case. Accordingly, we affirm the judgments of the Court of Criminal Appeals and the trial court.

**Tenn. R. App. P. 11; Judgment of the Court of Criminal Appeals Affirmed**

ANDERSON, C.J., delivered the opinion of the court, in which DROWOTA, BIRCH, AND HOLDER, JJ., and BYERS, SP. J., joined.

Edward C. Miller, Public Defender, Dandridge, Tennessee, for the appellant, Warren Tyrone Fowler.

Paul G. Summers, Attorney General & Reporter and Michael E. Moore, Solicitor General and Gordon W. Smith, Associate Solicitor General and Ellen H. Pollack, Assistant Attorney General Nashville, Tennessee (On Appeal), and Al C. Schmutzer, Jr., District Attorney General, Sevierville, Tennessee, and James L. Gass, Assistant District Attorney General, Dandridge, Tennessee (At Trial), for the appellee, State of Tennessee.

## OPINION

We granted this appeal to determine whether the trial court erred in failing to instruct the jury on the offense of facilitation of a felony.

The defendant, Warren Tyrone Fowler, was convicted of felony vandalism, two counts of aggravated assault, and felony evading arrest. The convictions were based on the defendant's criminal responsibility for the acts of a codefendant. The trial court did not instruct the jury on the offense of facilitation of a felony.

In affirming the judgment, the Court of Criminal Appeals upheld the trial court's failure to instruct the jury on facilitation of a felony. The court determined that because a defendant is criminally responsible for any offenses committed by codefendants in the pursuance of a criminal offense or as a natural and probable consequence thereof, facilitation is not a lesser-included offense as a matter of law.

After reviewing the record and authority, we conclude that facilitation of a felony is a lesser-included offense of criminal responsibility but that the evidence in this case did not support a jury instruction on facilitation. We therefore disagree with the analysis of the Court of Criminal Appeals but affirm its judgment on the grounds stated in this opinion.

## BACKGROUND

On August 16, 1996, the defendant, Warren Tyrone Fowler, a co-defendant, James Benton, and two other men traveled in two vehicles from Knoxville to Morristown, Tennessee. The vehicle in which Fowler was riding, a blue van, had been stolen. The men attempted to burglarize or steal a vehicle in Morristown but were chased from the scene by a witness. The Hamblen County Sheriff's Department was contacted and informed that the suspects were occupants of a blue van and a white van.

Officer Terry Costner saw the two vans, activated his lights and siren, and pursued them. When the white van drove into a subdivision, Costner pursued the blue van, which was being driven by Benton with Fowler in the front passenger seat. Benton drove the van into an airport, onto a ramp, around some parked airplanes, out of the airport and into a neighborhood where he eluded a roadblock set up by the Morristown Police Department, but he could not elude Costner. Benton drove from the neighborhood and onto the wrong side of a four lane divided highway, where he traveled at speeds of 100 miles per hour.

With Costner still pursuing him, Benton drove into Jefferson County and through Jefferson City traffic at speeds of 80 miles per hour. The blue van rammed the car of a Jefferson County police officer that had tried to intervene, and, moments later, rammed the car of a second Jefferson County officer, forcing it into a utility pole. The van continued its flight into a "zinc mine" and stopped long enough for Costner to stop and place his car into park. When another officer appeared, however, the van again took flight. This time, Costner caught up to the van and fired a shot at the front tire. The van ran into a ditch and stopped. Fowler and Benton were arrested.

The defendant pled guilty to the offenses of felony theft, attempt to commit felony theft, and burglary of an automobile for events that occurred prior to the chase. He was charged with and

-2-

convicted of felony vandalism, two counts of aggravated assault and felony evading arrest for the events that occurred during the chase.[1]

The trial court did not instruct the jury on the offense of facilitation of a felony. Though the defense did not request an instruction on facilitation at trial, it argued on appeal that the trial court erred by failing to give the instruction sua sponte as a lesser-included offense. The Court of Criminal Appeals determined that facilitation was not a lesser-included offense under the circumstance of this case and affirmed the judgments of conviction. We granted Fowler's application for permission to appeal to review this issue.

## Facilitation of a Felony as a Lesser-Included Offense

We begin our analysis by reviewing the statutory provisions governing both criminal responsibility and facilitation. As applicable in this case, a person is criminally responsible for the conduct of another person if that person, "[a]cting with intent to promote or assist the commission of the offense, or to benefit in the proceeds or results of the offense, . . . solicits, directs, aids, or attempts to aid another person to commit the offense." Tenn. Code Ann. § 39-11-402(2) (1997). As noted in the sentencing commission comments, this statute sets forth what formerly was known as accessories before the fact and aider and abettors. Id.

In contrast, a person is "criminally responsible for the facilitation of a felony if, knowing that another intends to commit a specific felony, but without the intent required for criminal responsibility under § 39-11-402(2), the person knowingly furnishes substantial assistance in the commission of the felony." Tenn. Code Ann. § 39-11-403(a) (1997). The statute applies to a person who has facilitated the commission of a felony by another by furnishing substantial assistance but without the intent to promote, assist in or benefit from the felony's commission. Tenn. Code Ann. § 39-11-403 (Sentencing Comm'n Cmts.). Sentencing for facilitation is in the class next below the felony committed. Tenn. Code Ann. § 39-11-403(b).

In State v. Burns, 6 S.W.3d 453 (Tenn. 1999), we recently adopted the following framework and concluded that an offense is a lesser-included offense of another if:

(a) all of its statutory elements are included within the statutory elements of the offense charged; or

(b) it fails to meet the definition in part (a) only in the respect that it contains a statutory element or elements establishing

(1) a different mental state indicating a lesser kind of culpability; and/or

---

[1] The felony vandalism conviction was based on the damage to one of the patrol cars. The two aggravated assault convictions were based on the vehicle assaults committed against the two Jefferson County officers.

> (2) a less serious harm or risk of harm to the same person, property or
> public interest; or

(c) it consists of

> (1) facilitation of the offense charged or of an offense that otherwise
> meets the definition of lesser-included offense in part (a) or (b); or
>
> (2) an attempt to commit the offense charged or an offense that
> otherwise meets the definition in part (a) or (b); or
>
> (3) solicitation to commit the offense charged or an offense that
> otherwise meets the definition of lesser-included offense in part (a)
> or (b).

Id. at 466-67. In applying this analysis, we concluded that facilitation is a lesser-included offense when a defendant is charged with criminal responsibility for the conduct of another. Id. at 470.

In this case, however, the Court of Criminal Appeals concluded that facilitation was not a lesser-included offense. The court's analysis was predicated on State v. Carson, 950 S.W.2d 951 (Tenn. 1997), in which this Court held that criminal responsibility under Tenn. Code Ann. § 39-11-402(2) embraces the common law concept that one who aids and abets criminal activity is "guilty of any other crime committed by the other in pursuance of the common purpose, or as a natural or probable consequence thereof." Carson, 950 S.W.2d at 954 (quoting Key v. State, 563 S.W.2d 184, 186 (Tenn. 1978) (citation omitted)). The Court of Criminal Appeals held that "under Carson, facilitation is not a lesser included [sic] offense of the charged § 39-11-402(2) offense when the commission of the charged offense is preceded by concerted criminal activity and is either in furtherance of the original common purpose or a natural and probable consequence thereof."

We disagree with the analysis for two reasons. First, the Court of Criminal Appeals' decision predated our decision in Burns and is, therefore, inconsistent with our holding that facilitation is a lesser-included offense where a defendant is charged with criminal responsibility for the conduct of another. Second, we disagree with the Court of Criminal Appeals' interpretation of Carson. Evidence that the charged offense was preceded by concerted criminal activity is relevant to whether an instruction on facilitation is appropriate in a given case, but it is not dispositive on whether facilitation of a felony is a lesser-included offense as a matter of law. Instead, a defendant may attempt to demonstrate that facilitation is raised by the evidence notwithstanding the fact that a charged offense was preceded by concerted criminal activity.[2]

---

[2]     The State conceded this point at oral argument. We also observe that a defendant may also try to refute the natural and probable consequences rule by offering evidence that he attempted to thwart or withdraw from any of the offenses that followed from the original offense.

-4-

Accordingly, we reiterate our holding in Burns that facilitation of a felony is a lesser-included offense when a defendant is charged with criminal responsibility for the conduct of another.

### Instruction on Facilitation

We now turn to the question of whether an instruction on facilitation of a felony should have been given in this case. A trial court has the statutory duty to "charge the jury as to all of the law of each offense included in the indictment, without any request on the part of the defendant to do so." Tenn. Code Ann. § 40-18-110(a) (1997). This does not mean, however, that an instruction must be given simply because an offense is a lesser-included offense of another.

In Burns, we adopted a two-step analysis for determining whether an instruction on a lesser-included offense must be given. First, the trial court must determine whether "any evidence exists that reasonable minds could accept as to the lesser-included offense." Burns, 6 S.W.3d at 469. In this regard, the trial court must view the evidence in a light most favorable to the existence of the lesser-included offense, without regard to the credibility of the evidence. Second, the trial court must determine whether the evidence viewed in this light is legally sufficient to support a conviction for the lesser-included offense. Id.

The evidence in this case revealed that Fowler and his codefendants engaged in criminal activity in Hamblen County, for which Fowler pled guilty. As the State argues, this criminal activity warrants an inference that Fowler was criminally responsible for the conduct of his codefendant during the subsequent flight from the scene and evading of police officers. E.g., Carson, 950 S.W.2d at 954. At trial, the defense contended that Fowler was not criminally responsible for the offenses committed by Benton during the flight from police. Fowler argued that his statement to officers and Benton's testimony revealed that he lacked the intent to commit the offense and that he in fact told Benton to pull over.[3] Fowler did not contend he was guilty of facilitation, did not show evidence of "substantial assistance" so as to raise the issue of facilitation and, in fact, did not ask for an instruction on facilitation. In short, the evidence revealed two scenarios: criminal responsibility for Benton's conduct or an acquittal. Accordingly, an instruction on facilitation of a felony was not appropriate under the two-step analysis established in Burns.

### CONCLUSION

We conclude that facilitation of a felony is a lesser-included offense when one is charged with criminal responsibility for the actions of another, but that the evidence did not warrant a jury instruction on facilitation in this case. We therefore affirm the judgment of the Court of Criminal Appeals. It appearing from the record that the defendant is indigent, costs of the appeal are taxed to the State of Tennessee.

---

[3] The transcript reveals, however, that Benton testified that Fowler told him to pull over after the offenses had been committed.