IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 19, 2000

## STATE OF TENNESSEE v. CHRISTINA L. HOWARD

**Direct Appeal from the Circuit Court for Williamson County**
**No. I-498-139-C     Henry D. Bell, Judge**

---

**No. M1999-02473-CCA-R3-CD -Filed November 22, 2000**

---

Defendant Christina L. Howard was found guilty by a Williamson County jury of possession with intent to sell or deliver cocaine in an amount greater than 300 grams, possession with intent to sell or deliver marijuana, and possession of drug paraphernalia. After a sentencing hearing, the trial court sentenced Defendant as a Range I standard offender to concurrent terms of twenty years for cocaine possession, one year for marijuana possession, and one day for possession of drug paraphernalia. Defendant raises the following issues in this appeal: (1) whether the trial court erred when it did not instruct the jury on the lesser-included offense of facilitation of a felony; (2) whether the trial court erred when it sentenced Defendant as a standard offender; and (3) whether the trial court erred when it denied Defendant alternative sentencing. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**.

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID G. HAYES, J., and NORMA MCGEE OGLE, J., joined.

Eugene J. Honea, Franklin, Tennessee (at trial), and Jesse N. H. Bacon, Madison, Tennessee (on appeal), for the appellant, Christina L. Howard.

Paul G. Summers, Attorney General & Reporter; David H. Findley, Assistant Attorney General; Derek Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

Defendant Christina L. Howard was convicted by a jury in the Williamson County Circuit Court for the following offenses: one count of possession with intent to sell or deliver 300 grams or more of cocaine, a Class A felony; one count of possession with intent to sell or deliver ½ ounce or more of marijuana, a Class E felony; and one count of possession of drug paraphernalia, a Class A misdemeanor. After a sentencing hearing, the trial court sentenced Defendant as a Range I standard

offender to concurrent terms of twenty years for cocaine possession, one year for marijuana possession, and one day for possession of drug paraphernalia.

Defendant was a passenger in a vehicle which was stopped by a state trooper for speeding. After a search of the vehicle turned up large quantities of cocaine and marijuana, Defendant was arrested along with two co-defendants: James Jackson, who was also convicted for possession with intent to sell or deliver 300 grams or more of cocaine, and Jamarcus King, whose charges were later dismissed. Defendant was tried separately from her co-defendants because she did not appear in court on her initial trial date. Defendant failed to file a motion for new trial but raises the following issues on appeal: (1) whether the trial court erred when it did not instruct the jury on the lesser-included offense of facilitation of a felony; (2) whether the trial court erred when it sentenced Defendant as a standard offender; and (3) whether the trial court erred when it denied Defendant community-based alternative sentencing. The judgment of the trial court is affirmed.

## I. FACTS

Tennessee State Trooper Michael Sprawling testified that he was on duty and assigned to Williamson County on the date Defendant was arrested. Sprawling stopped the vehicle containing Defendant and the two co-defendants for traveling eighty-five m.p.h. in a sixty-five m.p.h. zone. Co-defendant Jackson was driving the car with Defendant located in the front passenger seat. Sprawling first questioned Jackson about the reason for their trip. Jackson replied that he was traveling to Alabama to visit his sick grandfather and that Defendant was his girlfriend. When Sprawling asked Jackson whether there were weapons, drugs, or currency in the car, Jackson answered in the negative and gave Sprawling permission to search the vehicle. Shortly thereafter, Jackson confessed that he had a 9-mm firearm under the driver's seat. He retrieved it for Sprawling who called for backup. Upon further search, the officers discovered $1645.00 in cash on Jackson's person, a small amount of marijuana in Defendant's pocket, a large amount of cocaine and marijuana wrapped in clothing inside Defendant's suitcase, and an electronic scale. Defendant denied all knowledge regarding the drugs in her suitcase. The suitcases belonging to the co-defendants were searched also but they contained no drugs or paraphernalia.

Charles Kirby, an officer with the Franklin Police Department, testified that he responded to Sprawling's call for backup assistance. Kirby discovered a large amount of cocaine and marijuana rolled up in a pair of jeans located in a brown suitcase. The suitcase also contained women's clothing. A search of the remaining luggage belonging to the co-defendants revealed only men's clothing.

Glenn Everett, a forensic expert who works in the Tennessee Bureau of Investigation Crime Lab, testified that he performed the laboratory tests on the substances seized from the Defendant's suitcase. The evidence contained 25.3 grams of cocaine and 293.7 grams of cocaine base ("crack cocaine"); the marijuana weighed a total of 222 grams.

Christina Howard, the defendant, testified that she was merely traveling with her boyfriend, Jackson, to Alabama when Trooper Sprawling stopped them. Jackson's grandfather was ill, so Defendant was accompanying him to Alabama and planned to visit her mother in St. Louis afterward. Defendant claimed that she lived with Jackson and that she packed the suitcases for both of them on the evening prior to their departure. She stated that Jackson placed the suitcases in the car, however, and that he also had access to them in the hours before they left. Defendant denied knowledge regarding the ownership of the drugs that were wrapped in her clothing, but claimed that Jackson gave her the marijuana discovered in her pocket.

Defendant testified that she had worked for only three months during the last year and that Jackson supported Defendant financially. Jackson worked sporadically, but he always had money and told Defendant not to be concerned. Defendant testified that although she considered this situation strange, she stopped questioning Jackson regarding money matters because this would cause him to become violent.

Defendant claimed that Jackson was the reason Defendant missed her trial date. Defendant's bail was reduced from one hundred thousand dollars to ten thousand dollars on her promise to appear, yet Defendant missed her trial because she did not have a ride to court. Jackson had driven Defendant to all prior court appearances. On the eve of the trial, however, Jackson told Defendant that he would not pay for her lawyer nor drive her to trial because the drugs were hers. Jackson also threatened her life, i.e., if Defendant testified that the drugs were his he would kill her. Defendant consequently missed her trial but was located by the bail bondsman a few months later.

James Jackson, the co-defendant and driver of the car, testified in rebuttal that the Defendant was not his girlfriend and that they never lived together. Instead, Jackson said that he lived with his parents and that he packed his own suitcase before he left with Defendant on their trip. Jackson testified that he has always been employed and that he keeps a gun in his car for general protection only. Jackson was on his way to visit his sick grandfather when Sprawling stopped them. The money Jackson was carrying was given to him by his mother to pay his grandfather's bills. Jackson further testified that he drove Defendant to only one court appearance and that he did not threaten her life.

## II. INSTRUCTION ON LESSER-INCLUDED OFFENSES

Defendant contends that the trial court erred when it failed to instruct the jury on facilitation of cocaine possession with intent to sell or deliver as a lesser-included offense. Although the trial court instructed the jury on the lesser-included offense of simple possession, Defendant argues that omitting an instruction on facilitation deprived Defendant of her constitutional right to trial by jury. We disagree.

First, we note that Defendant failed to file a motion for a new trial. In Tennessee, no issue presented for review subsequent to a jury trial may be predicated on actions committed or occurring during the trial, including error in jury instructions granted or refused, unless the issue was

specifically stated in a motion for a new trial.  See Tenn. R. App. P. 3(e); Tenn. R. App. P. 30(b); State v. Keel, 882 S.W.2d 410, 415-16 (Tenn. Crim. App. 1994).  Similarly, Tenn. R. App. P. 36(a) provides, in pertinent part, that "[n]othing in this rule shall be construed as requiring relief be granted to a party ... who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error."  See State v. Reece, 637 S.W.2d 858, 860 (Tenn. 1982).  Thus, the issue is waived, but even if addressed on the merits, Defendant would not be entitled to relief.

Tennessee Code Annotated section 40-18-110(a) provides that a trial court must charge the jury with all lesser-included offenses included in the indictment, without any request on the part of the defendant to do so.  Tenn. Code Ann. § 40-18-110(a) (1997).  Under this provision, "'a trial court must instruct the jury on all lesser-included offenses if the evidence at trial is legally sufficient to support a conviction for the lesser offense.'"  State v. Burns, 6 S.W.3d 453, 464 (Tenn.1999) (quoting State v. Langford, 994 S.W.2d 126, 128 (Tenn.1999)).

Under part (c) of the test recently set forth by the Tennessee Supreme Court in Burns, an offense is a lesser included offense of another if it consists of "facilitation of the offense charged or of an offense that otherwise meets the definition of lesser-included offense in part (a) or (b)...."  Id. at 466-67.  Once a particular offense is a lesser-included offense under the above test, the next inquiry is whether the evidence justifies a jury instruction on such lesser offense.  Id. at 467.  This inquiry has two parts.  First, the trial court must determine "whether any evidence exists that reasonable minds could accept as to the lesser-included offense."  Id. at 469.  In making this determination, the trial court must view the evidence "in the light most favorable to the existence of the lesser-included offense without making any judgments on the credibility of such evidence."  Id.  Secondly, the trial court "must determine if the evidence, viewed in this light, is legally sufficient to support a conviction for the lesser-included offense."  Id.  Even where  evidence survives these challenges on appeal and error is found, this Court must still find that the erroneous failure to instruct on a lesser-included offense was not harmless in order for a defendant to prevail.

We find that part (c) of the above definition of lesser-included offenses is determinative for the issue whether facilitation is a lesser-included offense in this case.  Facilitation of an offense is, as a matter of law, a lesser-included offense of the offense charged.  State v. Burns, 6 S.W.3d at 464.

We examine the facts to determine whether there is any evidence that reasonable minds could accept to support facilitation of the offense.  We do this in the light most favorable to the existence of the lesser-included offense and without any judgment regarding the credibility of such evidence. A person "is criminally responsible for the facilitation of a felony if, knowing that another intends to commit a specific felony, but without the intent required for criminal responsibility under § 39-11-402(2), the person knowingly furnishes substantial assistance in the commission of the felony." Tenn. Code Ann. § 39-11-403(a) (1997).  After reviewing the record, we find no evidence to support a charge of facilitation.

Clearly, the mens rea required for commission of the offense of facilitation is *knowing*; it appears twice in the statute.  First, the defendant must know that another person intends to commit

a specific felony. Id. In the instant case, however, Defendant adamantly denied all knowledge of the drugs' existence as well as all knowledge of any intent on the part of the co-defendants to engage in drug trafficking. Secondly, the statute requires that the facilitator knowingly furnish substantial assistance. Id. There is no evidence whatsoever in the record that Defendant "substantially *assisted*" anyone in the commission of the offense.

As in the case of State v. Fowler, 23 S.W.3d 285 (Tenn. 2000), the evidence here reveals only two possible scenarios: criminal responsibility for the instant offense or an acquittal. See id. at 289. In Fowler, the defendant pled guilty to criminal activity but argued at trial that he was not criminally responsible for the offenses committed by a co-defendant because he lacked intent. Fowler maintained that the trial court should have instructed the jury on facilitation as a lesser-included offense. During the trial, however, Fowler did not contend he was guilty of facilitation, did not show evidence of substantial assistance so as to raise the issue of facilitation and did not request instruction on facilitation. Id. Likewise, the record in Defendant's case shows similar omissions and "all or nothing" evidence. Two scenarios are possible: Defendant packed the drugs in her bag for sale or delivery, or she was completely ignorant of the fact that a crime was being committed. Accordingly, an instruction on facilitation of a felony was not appropriate.

In sum, we conclude that when the evidence in the record regarding whether Defendant committed facilitation of the felony in issue is viewed liberally in the light most favorable to the existence of the lesser-included offense, it reveals nothing that would cause reasonable minds to conclude that Defendant committed the crime. Hence, an instruction to the jury on facilitation was not appropriate.

## III. SENTENCING

Defendant contends that the trial court erred when it failed to sentence her as an especially mitigated offender and, again, when it denied her request to be sentenced pursuant to the Community Corrections Act of 1985.

When an accused challenges the length, range, or the manner of service of a sentence, this Court conducts a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (1997). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). Because the record in this case indicates that the trial court considered the sentencing principles and all relevant facts and circumstances, our review is de novo with a presumption of correctness.

In conducting a de novo review of a sentence, this Court must consider the evidence received at trial and the sentencing hearing, the presentence report, the principles of sentencing and arguments as to sentencing alternatives, the statutory enhancing and mitigating factors, arguments of counsel, any statement that defendant made on her own behalf, the nature and character of the criminal

-5-

conduct involved, and the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, 103, 210 (1997 & Supp.1999); Ashby, 823 S.W.2d at 169; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987). Defendant has the burden of demonstrating that the sentence is improper. Ashby, 823 S.W.2d at 169.

If our review reflects that the trial court followed the statutory sentencing procedures, imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and made findings of fact that are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

A. Sentencing as an Especially Mitigated Offender

The record indicates that in determining the length of Defendant's sentences, the trial court found that no mitigating factors and no enhancement factors applied. Defendant contends that the trial court erred when it refused to apply mitigating factors and thus, caused Defendant to be ineligible for sentencing as an especially mitigated offender according to Tenn. Code Ann. § 40-35-109 (1997). Specifically, Defendant challenges the trial court's refusal to apply the following mitigation factors: (4) the defendant played a minor role in the commission of the offense; (6) the defendant, because of youth or old age, lacked substantial judgment in committing the offense; (11) the defendant, although guilty of the crime, committed the offense under such unusual circumstances that it is unlikely that a sustained intent to violate the law motivated the criminal conduct; and (12) the defendant acted under duress or under the domination of another person, even though the duress or domination was not sufficient to constitute a defense. See Tenn. Code Ann. §§ 40-35-113(4), (6), (11), (12) (1997).

We find no evidence in the record to support the mitigating factors cited above. First, it is clear that Defendant did not play a minor role in the offense as required to apply mitigating factor (4). Regarding the age of the accused, Defendant argues that because she is a twenty-year-old high school dropout, she lacked sufficient substantial judgment in committing the offense for the trial court to apply factor (6). Our Supreme Court in State v. Adams, 864 S.W.2d 31 (Tenn. 1993), was not persuaded that a twenty-year-old defendant was so young that he lacked substantial judgment in committing the offense charged. Neither are we, in this case. Finally, mitigating factors (11) and (12) require proof of unusual circumstances and duress, respectively. We find nothing in the record which indicates the presence of either. Defendant failed to show how Jackson's alleged temper caused her to commit the crime under duress or because of domination. Because we find that no mitigating factors apply under the circumstances before us, Defendant is not eligible to be sentenced as an especially mitigated offender under Tenn. Code Ann. § 40-35-109(a) (1997).

B. Sentence pursuant to the Community Corrections Act

Defendant asserts that the trial court should have ordered her sentences be served in Community Corrections. The presumption in § 40-35-102(6), upon which Defendant predicates a

large part of her argument, requires that a defendant be "an especially mitigated or standard offender convicted of a Class C, D, or E felony [ ] to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6) (1997). Since Defendant was convicted of a Class A felony, there is not a *presumption* that alternative sentencing options are appropriate. Tenn. Code Ann. § 40-35-102(6) (1997). See State v. Smith, 891 S.W.2d 922, 929 (Tenn. Crim. App. 1994) (presumption limited to Class C, D, and E felonies).

Defendant also argues that the trial court's sentence determinations are not in the record. As a result, Defendant contends that the trial court has lost its presumption of correctness. It is true that the presumption of correctness is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). When determining suitability for alternative sentencing, the sentencing court considers the following factors: (1) whether confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct; (2) whether confinement is necessary to avoid depreciating the seriousness of the offense; (3) whether confinement is particularly suited to provide an effective deterrent to others likely to commit similar offenses; (4) whether measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant; and (5) whether the defendant has poor potential for rehabilitation. See Tenn. Code Ann. § 40-35-103(1) (1997); State v. Housewright, 982 S.W.2d 354, 356–57 (Tenn. Crim. App. 1997).

While we may agree that the record is sparse with respect to what specific facts the trial court used as grounds for denying community corrections, the record is nevertheless replete with facts which we find sufficient to support its judgment. Therefore, even if the presumption of correctness does not attach to the denial of Community Corrections, we find the trial court did not err.

Decisions concerning whether confinement is appropriate depend on various factors which include the need to avoid depreciating the seriousness of the offense and to provide an effective deterrence to others. Tenn. Code Ann. § 40-35-103(1)(B) (1997). Defendant was convicted of two felonies and arrested while transporting large quantities of cocaine and marijuana. See State v. Michael A Boyland, No. 02C01-9607-CR-00232, 1997 WL 367679 at *2, Shelby County (Tenn. Crim. App., Jackson, July 2, 1997) perm. to appeal denied (Tenn. 1998) (conviction of possession for sale of twenty-six grams of cocaine, a Class B felony, justified denial of community corrections based on need to avoid depreciating seriousness of offense and to serve as deterrent). She also failed to appear on her initial trial date. This evidences a poor potential for rehabilitation. "That a defendant meets the minimum requirements of the Community Corrections Act . . . does not mean that he is entitled to be sentenced under the Act as a matter of law or right." State v. Ball, 973 S.W.2d 288, 294 (Tenn. Crim. App. 1998). Defendant is not entitled to relief on this issue.

## IV.  CONCLUSION

We hold that the trial court properly refused to instruct the jury on facilitation as a lesser-included offense.  In addition, we hold that the trial court was correct when it refused to apply mitigating factors in determining Defendant's sentence and that the trial court's refusal to order the sentence to be served on Community Corrections was properly supported in the record.  The judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE

.