IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 8, 2000 (at Jackson)

## DONNIE WHEELER, et al. v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for DeKalb County**
**No. 7679-F**

**No. M1999-02453-CCA-R3-PC - Filed March 22, 2001**

James Curwood Witt, Jr., J., concurring.


I concur in the results reached by the majority on all of the issues and in the rationales employed to reach the results in all but one issue, that being the ineffectiveness of counsel regarding the failure to instruct the jury on the lesser offense of facilitation. I respectfully would have taken a different approach in resolving this issue.

The majority concluded that Donnie Wheeler waived his right to raise the issue of the trial court's failure to charge the lesser-included offense of facilitation when he entered into a plea agreement and waived his right to appeal. *See* Tenn. Code Ann. § 40-30-206(g) (1997) (with certain inapplicable exceptions, post-conviction claim is waived when petitioner or his or her attorney "failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented"). Based upon the terms of the written waiver of appeal and the post-conviction court's findings as to the nature and scope of the waiver and Donnie Wheeler's understanding of it, I agree with the conclusion that the free-standing issue of the failure to instruct is waived.

I respectfully disagree, however, with the majority's conclusion that counsel was not ineffective. The majority said that counsel was not ineffective "by failing to request a jury instruction on the lesser-included offense of facilitation of a felony," because lesser included offenses "must be charged to the jury by the trial court regardless of requests made by counsel."

The post-conviction judge, who was the trial judge in the petitioners' cases, indicated at the post-conviction hearing that he "was of the opinion at the time [of trial] that facilitation was not a lesser-included offense" of a greater offense committed by complicity. *See*

Tenn. Code Ann. § 39-11-402, -403 (1997).[1]    The judge acknowledged that caselaw has now established facilitation as a lesser-included offense of an offense committed via the criminal responsibility statute, but he intimated that the charge on facilitation was not justified by the evidence in the case.  Thus, either because facilitation is not a lesser-included offense or, if it is, the evidence does not warrant a charge on facilitation, the post-conviction court ruled that trial counsel did not perform deficiently by failing to request the instruction.

Indeed, after the trial in these cases, caselaw did establish that facilitation is a lesser-included offense when the offense charged is allegedly committed through complicity of the accused. *See State v. Fowler,* 23 S.W.3d 285, 288 (Tenn. 2000)*; State v. Burns,* 3 S.W.3d 453, 466-67 (Tenn. 1999). Moreover, in my view, the evidence in the present case justifies the instruction on facilitation as a lesser-included offense being given in the case of Donnie Wheeler. *See Burns*, 6 S.W.3d at 469.  Thus, upon my *de novo* review of trial counsel's performance, I conclude that the performance was deficient because no request for a facilitation instruction was made.

The next step is to determine whether the petitioner Donnie Wheeler was prejudiced by this deficient performance of trial counsel.  The test is whether the post-conviction petitioner has shown by clear and convincing evidence that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*  Insofar as trial counsel is concerned, the "proceeding" is the trial, and the "outcome" is the jury's verdict.[2]

---

[1] In this regard, I do not find fault with the trial court in its 1996 understanding of the issue.  Based upon *State v. Carson*, 950 S.W.2d 951 (Tenn. 1997), this court erroneously concluded that facilitation was not a lesser-included offense of a section 39-11-402 offense.  *See State v. Warren Tyrone Fowler*, No. 03C01-9709-CC-00391, slip op. at 9-10 (Tenn. Crim. App., Knoxville, Apr. 29, 1998), *aff'd. on other grounds, State v. Fowler*, 23 S.W.3d 285, 288 (Tenn. 2000). Although our supreme court in *Fowler* affirmed the result reached by this court, it reversed this court on the status of facilitation as a lesser-included offense.

[2] Were we examining the performance of appellate counsel in failing to raise the instruction issue on direct appeal, we would be assessing whether the probable "outcome" of the *appeal* would be different– that is, whether a new trial would have been awarded.  *See Campbell v. State*, 904 S.W.2d, 594, 597 (Tenn. 1995) (noting post-conviction petitioner's deficiency in presenting an issue, which if raised by appellate counsel "would have affected the *result* of the *appeal*") (emphasis added).  An appellate court reviewing the merits of the failure to give the facilitation instruction would have to determine the harmlessness of the error.  I believe the applicable standard for reviewing the harmlessness of the error in failing to charge an applicable lesser-included offense is whether the error was harmless beyond a reasonable doubt.  *See Chapman v. California,* 386 U.S. 18, 87 S. Ct. 824 (1967); *State v. Jason Thomas Beeler*, No. W1999-01417-CCA-R3-CD, slip op. at 31-32 (Tenn. Crim. App., Jackson, Nov. 22, 2000), *applic. perm. app. filed* (Tenn. Jan. 5, 2001). *But* s*ee State v. Williams*, 977 S.W.2d 101 (Tenn. 1998).  Under such a standard, an appellate court properly cast in the role of reviewing the merits of the instruction issue could well determine that the error was not harmless.  Upon that premise, a post-conviction court would be compelled to find ineffective assistance of appellate counsel.  In the present case, however, the direct appeal was waived, and we are not called upon to assess the performance of appellate counsel or the effect of any deficient performance.  Furthermore, we are not called upon to assess trial counsel's performance in facilitating a sentencing plea that featured a waiver of appeal. *See issue (2) above

(continued...)

-2-

In viewing the evidence of Donnie Wheeler's guilt via complicity, I conclude that the result of the trial would not have changed had the trial court instructed the jury as to the lesser-included offense of facilitation. Donnie Wheeler, not his brother and co-defendant, was the victim's main protagonist. The dispute with the victim arose over the victim's relationship with Donnie Wheeler's ex-girlfriend, and earlier in the day of the murder, it was Donnie Wheeler who threatened the victim with a shotgun. Then, during the pursuit of the vehicle in which the victim and Crystal Wheeler were riding, it was Donnie Wheeler who threw a beer bottle at them. After Lonnie Wheeler drove his truck into a position to halt the other vehicle, Donnie Wheeler immediately resumed his earlier confrontation with the victim. In view of these facts, I conclude that Donnie Wheeler as a post-conviction petitioner has failed to establish by clear and convincing evidence that he was prejudiced by his trial attorney's failure to request a jury instruction on facilitation. Because I cannot say that confidence in the outcome of the trial has been undermined, I join in the result reached by the majority on this issue.

_____
James Curwood Witt, Jr., Judge

[2](...continued)
(complaint about counsel's ineffectiveness in "failing to appeal" the conviction).

-3-