IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 11, 2001

## STATE OF TENNESSEE v. NED JACKSON

**Direct Appeal from the Criminal Court for Shelby County**
**No. 99-11735     Chris Craft, Judge**

---

**No. W2000-02589-CCA-R3-CD - Filed December 18, 2001**

---

The Defendant, Ned Jackson,[1] was convicted by a jury of aggravated robbery, and the trial court sentenced him to ten years in the Tennessee Department of Correction. The Defendant now appeals, arguing the following: (1) that insufficient evidence of the Defendant's identity as the culprit was presented to convict the Defendant of aggravated robbery and (2) that the trial court erred in refusing to instruct the jury on the lesser-included offenses of theft and aggravated assault. Finding no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which Thomas T. Woodalll, J., joined. NORMA MCGEE OGLE, filed a dissenting opinion.

W. Mark Ward, Assistant Public Defender (on appeal), Memphis, Tennessee; and Donna J. Armstard, Assistant Public Defender (at trial), Memphis, Tennessee, for the Appellant, Ned Jackson.

Paul G. Summers, Attorney General and Reporter; Elizabeth T. Ryan, Assistant Attorney General; William L. Gibbons, District Attorney General; and Rosemary Andrews, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

FACTS

On June 15, 1999, a man entered M & B Motors in Memphis who said that he was getting paid that afternoon and was interested in buying a car. Willy Humphrey was the only sales associate at work that day and showed the man several cars. The man decided he wanted to test-drive a Nissan Sentra, so Humphrey asked for the man's license. The man claimed that he left his driver's license

---

[1] Prior to trial, defense counsel stated that the Defendant's true name is Aaron Latrell Echols. Both parties agreed to amend the indictment to show that the Defendant is also known as Aaron Latrell Echols.

at home, but told Humphrey that he lived nearby. Humphrey agreed to let the man take the car to get his driver's license, but asked Northern Nunley, an employee at the dealership, to ride with the man.

Humphrey testified that a short time after Nunley and the man left for the test drive, Nunley called the dealership and spoke to the owner, Jim Madison. Humphrey testified that Nunley told Madison that he had been robbed and that the car was stolen. Humphrey was unable to identify the Defendant in court as the man who left the dealership with Nunley.

Northern Nunley testified that Humphrey asked him to ride with the man to get his license. Nunley testified that he was in the car with the man for about thirty minutes when the man "pulled a pistol on [him] and robbed [him] and told [him] to get out of the car." Nunley gave the man approximately twenty dollars, got out of the car, and called M & B Motors. Nunley testified that his boss came to pick him up, and by the time they got back to the dealership, the police had arrived. Nunley testified that the man had a black revolver.

Nunley identified the Defendant in a photo lineup just four days after the incident as the man who had stolen the car. Nunley also identified the Defendant in court as the perpetrator. When asked in court if the Defendant was the man who robbed him, Nunley replied, "I know this is the man."

Officer Pat Fox of the Memphis Police Department testified that on June 18, 1999, he and his partner were answering an alarm call when he noticed a Nissan Sentra with dealer plates parked about two houses down from the house where they answered the alarm call. Fox stated that he remembered hearing about a carjacking involving the same type of car. Fox recalled that "what stood out about the car was the dealer tags." Fox testified that while he was on the other call, a man got in the car and drove away. Fox testified that he and his partner got behind the vehicle and ran the tags, which confirmed that the car was stolen. Fox testified that they pulled the man over, and the man immediately got out of the car and went to the front door of a residence. Fox stated that he and his partner went up to the door as well. Fox testified that a woman answered the door and claimed that she had never seen the man before.

The officers placed the man in their patrol car and asked if he knew that the car was stolen. Fox testified that the man told them that he got the car from his father, Aaron Jackson, who had gotten the car from a dealership. Fox testified that the man said his name was Ned Jackson. Fox identified the Defendant in court as the person whom he arrested on June 18, 1999.

At the conclusion of the evidence, the defense requested a jury instruction on theft. The trial court denied the request and instructed the jury only on the indicted charge of aggravated robbery. In determining the jury charge, the trial court stated, "[T]here's not any testimony in the proof that a pistol was not used. So to me, this is either aggravated robbery or it's not. I don't see that there would be any lesser-included offenses. There's no proof that this was just a robbery. There's no proof that this was a theft." The jury convicted the Defendant of aggravated robbery, and the trial court sentenced him to ten years in the Tennessee Department of Correction.

LESSER-INCLUDED OFFENSES

The Defendant argues that the trial court erred in not instructing the jury on the offenses of theft and aggravated assault. Specifically, the Defendant argues that "if the evidence was sufficient to support the greater charge which contained all of the elements of the lesser charges, then the evidence would automatically be sufficient to support a conviction of the lesser offenses." We respectfully disagree.

To begin our analysis, we note that both theft and aggravated assault are lesser-included offenses of aggravated robbery. See State v. James Eric Alder, No. M1999-02544-CCA-R3-CD, 2000 WL 1606588, at *2 (Tenn. Crim. App., Nashville, Oct. 27, 2000). However, the trial court is not required to instruct the jury on all lesser-included offenses. Rather, the Tennessee Supreme Court has adopted the following two-step process for determining if the evidence justifies a jury instruction on the lesser-included offense:

> First, the trial court must determine whether any evidence exists that reasonable minds could accept as to the lesser-included offense. In making this determination, the trial court must view the evidence liberally in the light most favorable to the existence of the lesser-included offense without making any judgments on the credibility of such evidence. Second, the trial court must determine if the evidence, viewed in this light, is legally sufficient to support a conviction for the lesser-included offense.

State v. Burns, 6 S.W.3d 453, 469 (Tenn. 1999).

We thus turn to consideration of whether "any evidence exists that reasonable minds could accept as to the lesser-included offense." Id. We conclude that in this case, no evidence was presented to support an inference of either theft or aggravated assault.

Our supreme court has stated that "[w]here the evidence in a record clearly shows that the defendant was guilty of the greater offense and is devoid of any evidence permitting an inference of guilt of the lesser offense, the trial court's failure to charge on a lesser offense is not error." State v. Stephenson, 878 S.W.2d 530, 550 (Tenn. 1994). More recently, this Court has held "that the trial court is not obliged to give the lesser-included offense instruction where there is no evidence of the lesser included offense *other than* the very same evidence which supports the greater offense, that is, 'that reasonable minds could accept as to the lesser-included offense.'" State v. Lewis, 36 S.W.3d 88, 100 (Tenn. Crim. App. 2000) (emphasis in original).

In this case, Northern Nunley testified that the Defendant pointed a gun at him, took his money and made him get out of the car. Nunley testified that the Defendant then drove away in the dealership's car. As the trial court noted, no evidence was presented that the perpetrator did not use a weapon during the offense. Nor was any evidence presented that the perpetrator did not take the car. The Defendant merely denied that he was the person that committed the offense. Thus, as the trial court stated, the offender either committed an aggravated robbery or he did not. No evidence was presented that the offense was merely a theft or an aggravated assault. Accordingly, instructions

on theft and aggravated assault were not appropriate.  State v. Fowler, 23 S.W.3d 285, 289 (Tenn. 2000).

Having concluded that no evidence was presented in this case that reasonable minds could accept as to the lesser-included offenses of theft or aggravated assault, we need not address the next prong of the Burns test, which concerns the sufficiency of the evidence supporting a conviction for either of the lesser-included offenses.  See Burns, 6 S.W.3d at 469.  Failure of the trial court to instruct the jury on the offenses of theft or aggravated assault was not error.

## SUFFICIENCY OF THE EVIDENCE

The Defendant next contends that the evidence of his identity as the culprit was insufficient to support his conviction.  Tennessee Rule of Appellate Procedure 13(e) prescribes that "[f]indings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt."  Evidence is sufficient if, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Smith, 24 S.W.3d 274, 278 (Tenn. 2000). In addition, because conviction by a trier of fact destroys the presumption of innocence and imposes a presumption of guilt, a convicted criminal defendant bears the burden of showing that the evidence was insufficient.  See McBee v. State, 372 S.W.2d 173, 176 (Tenn. 1963); see also State v. Buggs, 995 S.W.2d 102, 105-06 (Tenn. 1999); State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

In its review of the evidence, an appellate court must afford the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom."  Tuggle, 639 S.W.2d at 914; see also Smith, 24 S.W.3d at 279.  The court may not "re-weigh or re-evaluate the evidence" in the record below.  Evans, 838 S.W.2d at 191; see also Buggs, 995 S.W.2d at 105.  Likewise, should the reviewing court find particular conflicts in the trial testimony, the court must resolve them in favor of the jury verdict or trial court judgment.  Tuggle, 639 S.W.2d at 914.  All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact, not the appellate courts. State v. Morris, 24 S.W.3d 788, 795 (Tenn. 2000);  State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987).

Having reviewed the record, we conclude that the State presented sufficient evidence to support the Defendant's conviction for aggravated robbery.  Aggravated robbery is defined, in pertinent part, as "the intentional or knowing theft of property from the person of another by violence or putting the person in fear," Tenn. Code Ann. § 39-13-401(a), "[a]ccomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon . . . ."  Id. § 39-13-402(a)(1).

Northern Nunley identified the Defendant in a photo lineup just days after the offense and in court as the man that held a gun to him and demanded that he give him his money and get out of

-4-

the dealership's car.  Moreover, Officer Fox testified that he arrested the Defendant because he was driving the same car that was stolen from M & B Motors on June 15, 1999.  Officer Fox also identified the Defendant in court as the man whom he arrested driving the stolen vehicle.  Thus, we conclude that the evidence was sufficient to convict the Defendant of aggravated robbery.

Accordingly, the judgment of the trial court is AFFIRMED.

_____
ROBERT W. WEDEMEYER, JUDGE