# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs January 9, 2007

## STATE OF TENNESSEE v. RICK BRADEN

**Direct Appeal from the Criminal Court for Shelby County**
**No. 05-02051     James C. Beasley, Jr., Judge**

---

**No. W2006-00377-CCA-R3-CD  - Filed May 18, 2007**

---

David G. Hayes, Judge, separate concurring.

I join with my colleagues in concluding that reversal of both convictions is necessary. I write separately to note, in basic terms, my reasons for so concluding.

The defendant was convicted of two separate aggravated robberies, one of the victim Burgess and one of the victim Birdsong. At trial, the proof was undisputed that the robbery of Ms. Birdsong was committed by a "black female," not by the actual conduct of the defendant. Thus, to convict the defendant of this crime would require proof that he was criminally responsible for the conduct of the "black female." Our supreme court in *State v. Fowler*, 23 S.W.3d 285, 288 (Tenn. 2000), has held that virtually every time a defendant is charged with a felony by way of criminal responsibility for another's conduct, facilitation of the felony is a lesser included offense. For this reason, and based upon the particular facts of this case, failure to charge facilitation constitutes reversible error. With regard to the aggravated robbery of Ms. Burgess, the proof was factually disputed as to whether the defendant committed this robbery by his "own conduct," by the conduct of another for which he was criminally responsible, by both, or by facilitating the crime. This factual dispute presents a jury question, and, again, failure to instruct on the lesser offense of facilitation was reversible error.

_____
DAVID G. HAYES, JUDGE