**STATE of Tennessee, Appellee,**

v.

**Willard HOLT and Opal Holt, Appellants.**

Supreme Court of Tennessee,
at Knoxville.

Oct. 22, 1984.

John F. Southworth, Jr., Asst. Atty. Gen., for appellee; William M. Leech, Jr., Atty. Gen. & Reporter, of counsel.

Gordon Ball, Newport, for appellants.

## OPINION

HARBISON, Justice.

In the first count of the indictments in these cases, appellants were charged with unlawfully and feloniously manufacturing marijuana, a Schedule VI controlled substance. In the second count they were indicted for possessing marijuana with intent to sell. Appellants were convicted and sentenced under both counts, the sentences, however, being made concurrent. In its opinion the Court of Criminal Appeals expressly held that convictions under both counts could stand, differing with other panels of the Court of Criminal Appeals which had held to the contrary.

Appellants sought review of the judgment of the Court of Criminal Appeals on numerous grounds, all of which we have considered and find without merit. Relying upon decisions of other panels of the Court of Criminal Appeals, appellants insisted that both convictions could not stand and that the State should have been required to elect between the two counts of the indictments even before going to trial.

We do not find that any of the cases cited by appellants require such an election by the State, but there are several decisions of the Court of Criminal Appeals holding that separate convictions cannot stand for manufacturing marijuana and possessing it with intent to sell.

The principal case so holding is *State v. Layne*, 623 S.W.2d 629 (Tenn.Crim.App. 1981). In that case, as in the instant case, the accused persons were shown to be in possession of marijuana growing in a field and also of a quantity stored in a barn in the process of being cured. Other marijuana was being cured on a plastic sheet lying in the sunshine. The Court of Criminal Appeals held that:

"The crime of manufacturing marijuana necessarily involves the possession of the substance being manufactured. It is hardly possible for one to be charged with 'manufacturing' without having the marijuana in possession.

"The possession with the intent to sell count was necessarily included in the manufacturing count. Therefore, dual convictions were improper." 623 S.W.2d at 638.

This holding was followed in *State v. Baker*, 625 S.W.2d 724, 728 (Tenn.Crim. App.1981) and in *State v. Kennedy*, 649 S.W.2d 275, 279–280 (Tenn.Crim.App.1982).

Although permission to appeal was denied by this Court in all of those cases, the applications for review appear to have been made by the accused in each case, and not by the State.

The panel of the Court of Criminal Appeals which decided the present case reached the opposite conclusion. It stated:

"Further, we think the appellants can be convicted of both manufacturing marijuana and possessing it with intent to sell. The latter offense is not included in the former. The intent to sell marijuana must be proven as an element of the latter offense, although it may be inferred in the amount of that controlled substance (schedule VI) possessed. A conviction for manufacturing marijuana may stand without regard to the amount or intent. These offenses require proof of different elements and must be deemed separate offenses."

■ We are of the opinion that the panel in the present case was correct, and that the two offenses are separate, neither necessarily being included within the other.

T.C.A. § 39–6–417(a), with certain exceptions not pertinent here, provides that it is unlawful

"... for any person to manufacture, deliver, sell, or possess with intent to manufacture, deliver or sell a controlled substance...."

These offenses, which are felonies, are separate and distinct from the misdemeanor of "simple possession" prohibited in T.C.A. § 39–6–417(b). This distinction reflects a legislative intent to punish more harshly those persons who traffic in drugs than one simply possessing them for his or her own use. There is nothing in the felony statutes or in their history to suggest a hierarchy of lesser or greater offenses. All are equally proscribed, but the elements of them and the conduct necessary to sustain a conviction under them are not identical. We do not believe that it would offend the legislative intent to uphold the two convictions in the present case or to impose multiple sentences, especially where proof of different facts supports each conviction, as in the present case.

Here, as in *Layne, supra*, appellants were shown to be in possession of five fields or "patches" of growing marijuana in various stages of maturity, totaling nearly one thousand one hundred plants in all. In addition, an old tenant house situated on the property of appellants was found to contain packaged marijuana, together with scales and other drug paraphernalia. This building was equipped as a "hot house," containing a stove in an outside shed with ducts leading into the house. The entire upstairs area of the house contained drying marijuana.

The Tennessee Drug Control Act of 1971 defines the term "manufacture" as follows:

"... the production, preparation, propagation, compounding, conversion or pro-

cessing of a controlled substance, either directly or indirectly by extraction from substances of natural origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis, and includes any packaging or repackaging of the substance or labeling or relabeling of its container, except that this term does not include the preparation or compounding of a controlled substance by an individual for his own use...." T.C.A. § 39–6–402(m).[1]

The elements of the crime of manufacturing a controlled substance, therefore, are the production, preparation, propagation, compounding, conversion or processing of a controlled substance, except for one's own use or with certain other exceptions not material here.

The elements of possession with intent to sell consist of the possession of a controlled substance and the intent to sell it, such an intention being inferable from the quantity of controlled substances possessed by an offender together with other relevant facts surrounding the arrest. T.C.A. § 39–6–417(a)(2).

The elements of possession with intent to sell a controlled substance, therefore, are not completely contained within those of the offense of manufacturing. No intent to sell is required in order to convict for the latter offense. The Court of Criminal Appeals in *Layne, supra,* found that in order to manufacture marijuana, one must necessarily "possess" it, but from that conclusion it then concluded that possession with intent to sell is also necessarily included within the offense of manufacturing. This conclusion is not supported by an examination of the elements of the two offenses. *See State v. Black,* 524 S.W.2d 913 (Tenn.1975); *see also State v. Campbell,* 549 S.W.2d 952 (Tenn.1977), where convictions of separate offenses were affirmed for possession of drugs listed in two separate schedules.

Accordingly, we overrule *State v. Layne,* 623 S.W.2d 629 (Tenn.Crim.App. 1981), and its progeny[2] insofar as they hold that separate convictions for manufacturing and possession with intent to sell may not be sustained. Of course, we recognize that realistically many persons who manufacture do have an intent to sell. In many instances concurrent sentencing may be appropriate, as the trial judge concluded in the present case. It is nevertheless possible, under various combinations of facts and circumstances, that a person could be guilty of one of these offenses without being guilty of the other or, as here, an accused could be guilty of both.

We have carefully considered all of the other issues raised by appellants, but we are of the opinion that they were correctly decided by the Court of Criminal Appeals. Accordingly the judgment of that court is affirmed at the cost of appellants, and the cause is remanded to the trial court for any further proceedings which may be necessary.

COOPER, C.J., and FONES, BROCK and DROWOTA, JJ., concur.

---

1. The statutes contain some exceptions with respect to professional persons and institutions not relevant here.

2. *State v. Kennedy,* 649 S.W.2d 275 (Tenn.Crim. App.1982); *State v. Baker,* 625 S.W.2d 724 (Tenn.Crim.App.1981).