# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JULY 1998 SESSION

**FILED**

October 19, 1998

Cecil W. Crowson
Appellate Court Clerk



| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 01C01-9707-CC-00260 |
| Appellee, | ) |
| | ) Bedford County |
| V. | ) |
| | ) Honorable William Charles Lee, Judge |
| | ) |
| **WILLIAM JOEL HAITHCOTE, II,** | ) (Possession of Cocaine for Resale) |
| | ) |
| Appellant. | ) |

FOR THE APPELLANT:

John H. Norton, III
Norton & Smith
One on the Square
Shelbyville, TN 37160

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Timothy Behan
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

William Michael McCown
District Attorney General

Robert G. Crigler
Assistant District Attorney General
One Public Square, Suite 101
Shelbyville, TN 37160

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

## O P I N I O N

In August 1996, William Joel Haithcote II, was indicted for possession of cocaine with intent to sell, the manufacture of "crack" cocaine, possession of marijuana, and possession of drug paraphernalia. The trial court denied the appellant's motion to suppress evidence seized from his home pursuant to a search warrant. The appellant pled guilty to possession of cocaine with intent to sell; the state dismissed the other charges. Pursuant to Tennessee Rule of Criminal Procedure 37(b)(2)(I), the appellant certified the question of the validity of the search warrant to this Court. The appellant states the issue for our review as follows: whether the affidavit submitted in support of the search warrant demonstrates that Officer Wilkerson had a reasonable basis for believing that crack cocaine was being prepared in the appellant's kitchen. The judgment of the trial court is affirmed.

On February 26, 1996, Officer James Wilkerson and Detective Nick Worthington of the Shelbyville Police Department went with Deputy Jimmy Parker of the Bedford County Sheriff's Department to the appellant's residence to assist Deputy Parker in serving an arrest warrant on the appellant for assault. Before Deputy Parker executed the arrest warrant, Officer Wilkerson and Detective Worthington positioned themselves at the rear of the residence to prevent the appellant from fleeing out the back door. While doing so, Officer Wilkerson saw Bill Rex Adams in the house repeatedly dividing a white powder substance into smaller stacks. Adams then placed the plate of white powder stacks into the microwave. Detective Worthington also observed this activity. Officer Wilkerson asked Detective Worthington what the individual was doing. Detective Worthington said that they were processing cocaine into "crack." Detective Worthington has extensive training and experience in drug enforcement. Officer Wilkerson knew that Adams had been involved in prior illegal narcotics activities.

In the meantime, Deputy Parker had placed the appellant in custody. The appellant had wisely gone quickly and quietly with Deputy Parker when Parker executed the arrest warrant. Officer Wilkerson and Detective Worthington were left at the scene having observed what they believed to be criminal activity. They decided to get a search warrant, apparently because they thought that Adams had firearms in his possession. Officer Wilkerson left to get the warrant. Detective Worthington stayed at the house to make further observations and to prevent anyone from leaving the house. Shortly thereafter, Adams and two males emerged from the house and got into a Chevrolet Blazer. Detective Worthington approached the vehicle and asked them to stop. Adams attempted to flee in the vehicle, running into Detective Worthington's leg with the door of the vehicle. Detective Worthington fired his weapon into the vehicle, striking Adams in the back.

Meanwhile, Officer Wilkerson went to the police station to draft the application for the search warrant. The affidavit given by Officer Wilkerson in support of the warrant provides in pertinent part:

> 3. Immediately prior to the said Jimmy Parker knocking on the front door of the said location to attempt to serve said arrest warrant, Detective Nick Worthington and I took up a position at the back door of said residence in order to prevent the subject of the arrest warrant from fleeing from the back door.
>
> 4. While I was assisting in securing the rear portion of the residence there was an individual in said residence known to me as Bill Rex Adams, in said residence, repeatedly dividing a white powder substance that I believed to be cocaine, into smaller separate stacks and once the said, Bill Rex Adams, had divided the white powder substance into numerous smaller portions.[sic] I saw him place the plate of white powder stacks into the microwave in said residence and at this point I believed him to be preparing Crack Cocaine. The said Bill Rex Adams was known to me to be involved in illegal narcotic activities prior to this occasion.

On the basis of this affidavit, a judge issued a warrant authorizing police to search the appellant's residence for cocaine base, also known as crack cocaine. The execution of the search warrant produced powder cocaine, drug paraphernalia, and marijuana cigarette butts or joints.

-3-

The appellant filed a motion to suppress the evidence seized pursuant to the execution of the search warrant. He alleged that the search warrant was issued without probable cause and that the warrant was issued based on materially false statements recklessly made by the affiant. The appellant claimed that all of his blinds were closed so as to prevent any observations from the exterior of the house when the officers said that they saw Adams dividing cocaine. The appellant further claimed that his dog would have barked if anyone had been as close to the house as the officers claimed that they were. After conducting a lengthy evidentiary hearing, the trial court denied the motion. The court found that no statement was recklessly made and that no information was illegally obtained. The court raised the issue of whether the affidavit contained an adequate basis to support Officer Wilkerson's statements. After concluding that the police officer was not required under the law to state the basis of his knowledge, the court further denied the appellant's motion to suppress.

On appeal, the appellant contends that the trial court erred in overruling his motion to suppress because Officer Wilkerson did not provide a basis in the affidavit for his conclusion that drug activity was taking place. The appellant contends that Officer Wilkerson did not state why he believed that the white powder substance was cocaine and why he believed that Adams was preparing crack cocaine. The appellant further argues that because Officer Wilkerson did not state in the affidavit that he was relying on Detective Worthington's expertise, that evidence cannot be considered by this Court.

The state contends that the analysis in State v. Jacumin, 778 S.W.2d 430 (Tenn. 1989) requiring an affiant to establish the veracity and basis of knowledge of the source of information in the affidavit does not apply because the information contained in the affidavit did not come from a confidential informant.

The state contends that the information in the affidavit establishes that the affiant had probable cause to believe that criminal activity was afoot. We agree.

An affidavit is a prerequisite to the issuance of a search warrant. See Tenn. Code Ann. § 40-6-103 (1990); State v. Johnson, 854 S.W.2d 897 (Tenn. Crim. App. 1993). The contents of the affidavit must establish probable cause. See Tenn. Code Ann. § 40-6-104 (1990); Tenn. R. Crim. P. 41(c). "Generally, probable cause is a reasonable ground for suspicion, supported by circumstances indicative of an illegal act." Johnson, 854 S.W.2d at 899. "Only the probability, and not a prima facie showing of criminal activity is the standard of probable cause." State v. Moon, No. 01C01-9401-CC-00023 (Tenn. Crim. App. filed at Nashville, Sept. 1, 1994). Looking only at the affidavit, we conclude that Officer Wilkerson's statements based on his observations establish the probability that criminal activity was occurring in the appellant's residence. We must next determine if the officer was required to state why he thought that he saw cocaine and why he thought that he observed the processing of cocaine into crack cocaine.

When an affiant relies upon information obtained from a confidential informant to establish probable cause, the information in the affidavit must establish the basis of the informant's knowledge and veracity. See Jacumin, 778 S.W.2d at 436. This probable cause requirement is generally referred to as the two-pronged Aguilar-Spinelli test. See id. "Where the information that the warrant is based on comes from a 'citizen informant,' or [an] 'informant not from the criminal milieu,' the two-pronged test does not apply, and there is a presumption that the information is reliable." State v. Moon, No. 01C01-9401-CC-00023 (Tenn. Crim. App. filed at Nashville, Sept. 1, 1994).

In State v. Kennedy, 649 S.W.2d 275, 279 (Tenn. Crim. App. 1982), overruled on different grounds by State v. Holt, 691 S.W.2d 520 (Tenn. 1984),

the affidavit in question contained a statement from a sheriff that he had observed marijuana plants growing on the defendant's property. The defendant challenged the legality of the warrant because the affidavit failed to state how the sheriff knew that the plants were contraband. The Court stated that it was not necessary for the affiant to indicate how he knew that the plant material he observed was marijuana. "To require the affiant to be absolutely certain would require laboratory testing. This is not necessary to establish probable cause." Id.

Similarly, under the facts in this case, where the affiant is a law enforcement officer and his information is based on personal observations and establishes the probability of criminal activity, the officer is not required to state the basis of his knowledge.

The judgment of the trial court is AFFIRMED.

_____
PAUL G. SUMMERS, Judge

CONCUR:

_____

DAVID G. HAYES, Judge



_____
JERRY L. SMITH, Judge