# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs January 7, 2003

## STATE OF TENNESSEE v. MICHAEL KENNEDY

**Direct Appeal from the Circuit Courts for Chester and Henderson Counties**
**Chester County No. 00-076; Henderson County Nos. 01093-3, 01094-3**
**Roy B. Morgan, Jr., Judge**

---

### No. W2001-03107-CCA-R3-CD - Filed February 21, 2003

---

The defendant, Michael Kennedy, pled *nolo contendere* to numerous burglary, theft and vandalism charges in Chester and Henderson Counties. He received an effective sentence of fifteen years. The cases were consolidated at the trial level and on appeal. Pursuant to the plea agreement reserving a certified question of law, the defendant contends the trial court erred in denying his motion to suppress items found during an illegal search. We conclude that we do not have jurisdiction as to three of the cases in Henderson County because the certified question of law is not dispositive of these cases. We affirm the remaining judgments of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal of Three Counts Dismissed; Judgments of the Circuit Courts Otherwise Affirmed

JOE G. RILEY, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

George Morton Googe, District Public Defender; and Nina Wong Seiler, Assistant District Public Defender, for the appellant, Michael Kennedy.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Jody S. Pickens, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant, Michael Kennedy,[1] entered a plea of *nolo contendere* to numerous counts of burglary, theft, and vandalism arising out of events that occurred in Chester and Henderson Counties. He received an effective sentence of fifteen years for the Chester County convictions and

---

[1]In various pleadings, the defendant's name appears as "Michael Keith Kennedy." However, in accordance with this court's practice, we list the name as it appears on the indictments.

an effective sentence of twelve years for the Henderson County convictions, all sentences to be served concurrently. Pursuant to the plea agreement, the defendant reserved the following certified question of law: "Did the Defendant give an unequivocal, specific, intelligent, and voluntary consent to the warrantless search of his premises and vehicles, uncontaminated by duress or coercion?"

## I. SUPPRESSION HEARING

At the suppression hearing, Investigator O'Neal Ellis of the Henderson County Sheriff's Department testified that on August 28, 2000, he received a complaint from Mark Marr, a victim of a vehicle burglary, stating that he saw his stolen property in a yard on Piney Creek Road in Henderson County. The items Marr observed included fishing rods, reels, and a weedeater, which were leaning against the residence. Investigator Ellis discovered the defendant was the lessee of the residence.

Investigator Ellis testified that upon receiving the information, Chief Deputy Jerry Bingham went to the residence, and he followed a short time later. When they arrived, they approached the door of the residence and knocked, but no one answered. The officers then returned to their vehicles, parked them down the road from the premises, and waited for someone to return to the residence. Investigator Ellis testified they waited in their vehicles for approximately four hours.

Investigator Ellis stated the defendant arrived at the residence in a truck, and he followed the defendant into the driveway. The defendant retrieved an unidentified item out of his vehicle and entered the residence. While on the premises, the officers identified items in the yard as stolen property. Investigator Ellis stated that when the defendant exited the residence, he was taken into custody. The sheriff was then called to the scene and later transported the defendant to the county jail.

Investigator Ellis testified he advised the defendant of his *Miranda* rights and explained to him that they were looking for items which had been reported stolen. He stated he also informed the defendant of his right to refuse consent. Investigator Ellis testified that in the presence of Deputy Bingham, the sheriff, and himself, the defendant verbally consented to a search of the premises. The officer stated that although he could not recall the defendant's exact words, he said something to the effect of "Sure, you can look. It doesn't matter to me." During the search of the premises, the officers found items that had been reported stolen by various individuals.

Susan Kreitzer, who was living with the defendant at the residence, testified that she entered the driveway and saw Deputy Bingham parked in the driveway, and Investigator Ellis entered the driveway behind her. The defendant was not present. Kreitzer testified the officers questioned her about the fishing poles and a boat in the yard, and she told them the fishing poles belonged to the defendant. She stated the officers requested consent to search the premises. Kreitzer told the officers she did not have the authority to consent because her name was not listed on the lease. She stated the officers then told her to gather her things and leave, and that they would contact her if she were needed. Kreitzer stated she left the residence, but when she drove by the residence one hour later, she saw the officers' vehicles parked in the driveway but did not see the defendant's vehicle.

The defendant testified that as he entered the driveway, he noticed several things were missing from his yard, and the front door of the residence was open. He then entered the residence and noticed several items were missing. The defendant stated two officers followed him into the driveway, and Investigator Ellis walked onto the porch and requested he step outside. The officer had three to four fishing rods and reels with him, and he questioned the defendant regarding the items.

The defendant testified Investigator Ellis called Mark Marr and requested his presence at the residence. When Marr arrived, he identified the defendant as a man he saw near his vehicle on the day it was burglarized. The defendant stated the officers then placed him under arrest. The defendant testified Investigator Ellis never requested his consent to search the premises, and that he never consented to a search.

## II. TRIAL COURT'S FINDINGS

The trial court expressly recognized that the validity of the consent involved an issue of credibility. It specifically accredited the testimony of Investigator Ellis and found that when the officer requested consent to search the premises, the defendant gave an affirmative response to the request and allowed the officers to conduct a search of the premises. Finally, the trial court noted that even though the officers likely had probable cause to obtain a search warrant, their failure to do so did not render the consent invalid.

## III. STANDARD OF REVIEW

The findings of fact made by the trial court at the hearing on a motion to suppress are binding upon this court unless the evidence contained in the record preponderates against them. State v. Ross, 49 S.W.3d 833, 839 (Tenn. 2001). The trial court, as the trier of fact, is able to assess the credibility of the witnesses, determine the weight and value to be afforded the evidence and resolve any conflicts in the evidence. State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996). The prevailing party is entitled to the strongest legitimate view of the evidence and all reasonable inferences drawn from that evidence. State v. Hicks, 55 S.W.3d 515, 521 (Tenn. 2001). However, this court is not bound by the trial court's conclusions of law. State v. Randolph, 74 S.W.3d 330, 333 (Tenn. 2002). The application of the law to the facts found by the trial court are questions of law that this court reviews *de novo*. State v. Daniel, 12 S.W.3d 420, 423 (Tenn. 2000).

## IV. CERTIFIED QUESTION OF LAW

We first address whether the certified question of law was dispositive of the cases, thus giving us jurisdiction on appeal. In State v. Preston, 759 S.W.2d 647, 650 (Tenn. 1988), our state supreme court made explicit to the bench and bar exactly what the appellate courts require as prerequisites to the consideration of the merits of a certified question of law. Failure to properly reserve a certified question of law pursuant to Preston will result in the dismissal of the appeal.

State v. Pendergrass, 937 S.W.2d 834, 838 (Tenn. 1996). Among the requirements of a proper certified question of law is that it must be "dispositive of the case." Tenn. R. Crim. P. 37(b)(2)(i), (iv).

An issue is dispositive when the appellate court "'must either affirm the judgment or reverse and dismiss.'" State v. Walton, 41 S.W.3d 75, 96 (Tenn. 2001) (quoting State v. Wilkes, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984)). An issue is never deemed to be dispositive when the appellate court might reverse and remand. Wilkes, 684 S.W.2d at 667. Here, all parties and the trial court certified the issue was dispositive of all cases; however, an appellate court is not bound by the trial court's determination that an issue is dispositive. Preston, 759 S.W.2d at 651. Rather, the court must make an independent determination of the dispositive nature of the issue and must deny appellate review if the court determines the issue is not dispositive. *Id.*

In the case at bar, Investigator Ellis testified he received a complaint from Mark Marr stating that he saw his stolen property in the defendant's yard. Regarding this victim, the defendant was charged and entered a *nolo contendere* plea in Henderson County to one count each of theft, burglary of an automobile, and vandalism.

Although the incriminating evidence found during the search of the defendant's premises may provide material proof of his guilt of the offenses committed against Marr, Marr's testimony alone could also establish the defendant's guilt. He apparently observed some of his stolen property in the defendant's yard prior to the officers' involvement. A jury could have convicted the defendant of these three offenses without relying upon the evidence seized from the search of the defendant's premises.

Furthermore, it is questionable whether all of Marr's stolen items would be suppressed even if the defendant's consent to search was invalid. Investigator Ellis testified he also observed certain items in the yard that were stolen property. *See* State v. Baker, 625 S.W.2d 724, 727 (Tenn. Crim. App. 1981), *overruled on other grounds,* State v. Holt, 691 S.W.2d 520, 522 (Tenn. 1984) (holding a person has no expectation of privacy in the area in front of his residence leading to the front door); *see also* State v. Harris, 919 S.W.2d 619, 623 (Tenn. Crim. App. 1995). Accordingly, the plain view doctrine would justify the seizure of these items. *See* State v. Coulter, 67 S.W.3d 3, 43 (Tenn. 2001). The theft count of the Marr indictment alleges the theft of "cash, a phone and *other miscellaneous items.*" (Emphasis added). Thus, although the cash and phone were apparently discovered as a result of the consent search, the items observed outside the residence were not.

Therefore, we conclude the certified question of law is not dispositive of the three convictions involving Marr, and, for lack of jurisdiction, we must deny appellate review of the issue as it applies to these offenses. *See* Preston, 759 S.W.2d at 651. However, we conclude the defendant otherwise properly reserved the certified question of law regarding the remaining convictions.

# V. CONSENT SEARCH

The sole question certified in this appeal is whether the defendant gave proper consent to the search without duress or coercion. Thus, our inquiry is limited.[2]

## A. The Stake-Out

The defendant argues that the officers unlawfully conducted a stake-out. A constitutionally protected search occurs when the government violates a subjective expectation of privacy, which society recognizes as reasonable. Katz v. United States, 389 U.S. 347, 361, 88 S. Ct. 507, 19 L. Ed. 2d 576 (1967); Ross, 49 S.W.3d at 839. Visual surveillance of a home is not a "search" requiring a warrant. Kyollo v. United States, 533 U.S. 27, 32, 121 S. Ct. 2038, 150 L. Ed. 2d 94 (2001). Furthermore, a defendant does not have a reasonable expectation of privacy when driving a vehicle onto his or her premises after leaving a public highway. United States v. Knotts, 460 U.S. 276, 282, 103 S. Ct. 1081, 75 L. Ed. 2d 55 (1983). Thus, the "stake-out" was not a search; the officers were not required to obtain a warrant in order to visually observe the defendant or the premises from the road. Regardless, we fail to see how this argument relates to the validity of the defendant's consent to search.

## B. The Entry

The defendant contends he did not give the officers valid consent to search the premises. We disagree.

A warrantless search or seizure is presumed to be unreasonable, and the resulting evidence is subject to suppression unless the state demonstrates the search or seizure was conducted pursuant to one of the narrowly defined exceptions to the warrant requirement. State v. Binette, 33 S.W.3d 215, 218 (Tenn. 2000). One exception is a search conducted pursuant to a person's consent. Schneckloth v. Bustamonte, 412 U.S. 218, 248, 93 S. Ct. 2041, 36 L. Ed. 2d 854 (1973). The consent must be "unequivocal, specific, intelligently given, and uncontaminated by duress or coercion." State v. Simpson, 968 S.W.2d 776, 784 (Tenn. 1998) (quoting State v. Brown, 836 S.W.2d 530, 547 (Tenn. 1992)). It is not necessary for the officer to inform the person of the person's right to refuse consent. United States v. Drayton, 536 U.S. 194, ___, 122 S. Ct. 2105, 2113-14, 153 L. Ed. 2d. 242 (2002).

In his brief, the defendant identifies inconsistencies between Investigator Ellis' testimony at the suppression hearing and his testimony at the preliminary hearing. He contends the investigator's testimony is not credible. The defendant further contends that the officer's testimony was inconsistent with the testimony of the defendant and Sandra Kreitzer. However, these alleged

---

[2]Although the defendant does not contest the validity of the arrest pertaining to the certified question of law, we note that upon legally observing stolen property in a yard under the plain view doctrine, an officer has probable cause to make a warrantless arrest of a defendant outside his residence. *See* Tenn. Code Ann. § 39-14-103 (theft of property); *but see* Payton v. New York, 445 U.S. 573, 576, 100 S. Ct. 1371, 63 L. Ed. 2d 639 (1980) (holding an arrest warrant is required to enter a suspect's residence to make a routine felony arrest).

inconsistencies involve credibility issues, which the trial court, as trier of fact, resolved in favor of the state. It expressly found the investigator's testimony credible. The findings of fact made by the trial court are binding unless the evidence preponderates against them. Ross, 49 S.W.3d at 839.

Investigator Ellis testified he requested consent to search the premises and explained to the defendant that he could refuse to consent. The officer stated the defendant verbally consented to a search of the premises. Although Investigator Ellis could not recall the defendant's exact words, he stated the defendant said something to the effect of "Sure, you can look. It doesn't matter to me." We conclude the evidence does not preponderate against the findings of the trial court that the defendant knowingly and voluntarily consented to the search of the premises.

## VI.  CONCLUSION

In summary, we conclude the certified question of law is not dispositive regarding the convictions for burglary of an automobile, theft of property, and vandalism involving victim Mark Marr. As a result, we dismiss the defendant's appeal of these convictions. The defendant otherwise properly reserved the certified question of law as to the remaining convictions. We further conclude the officers were not required to procure a warrant in order to conduct a visual surveillance of the residence nor to go to the door to speak to the defendant. The defendant knowingly and voluntarily consented to a search of the premises. Therefore, we affirm the remaining judgments of the trial court.

_____
JOE G. RILEY, JUDGE
